IRWIN v. YEAGER *et al.*

1. **Appeal**: PRACTICE: PLEADING: OBJECTIONS NOT RAISED BELOW. A motion to strike out a division of a plea on the ground that it is irrelevant and immaterial, and which is erroneously sustained on that ground in the lower court, cannot be sustained in this court on another ground; *e. g.*, that it does not state a cause of action.

2. **Highway**: OBSTRUCTION: PASSAGE ON ADJACENT LAND: ASSAULT: SELF-DEFENSE. When a highway is obstructed, the traveler has the right, in order to pass around the obstruction, to go upon adjacent land belonging to a private owner; and when such owner, in order to prevent the exercise of such right, makes an assault upon the traveler, the latter may defend himself from such assault, and may plead the facts in an action against him by the owner for assault and battery made in such self-defense.

3. **Assault and Battery**: EVIDENCE OF MALICE: OLD THREATS. In an action for assault and battery, evidence that one of the defendants had, two years before, in the anger of a lawsuit, said to the plaintiff, "Never mind; I will fix you yet," was erroneously admitted to prove malice in the alleged assault, which had no relation to that suit.

4. ——— : EXEMPLARY DAMAGES : NO MALICE. In an action for assault and battery, exemplary damages cannot be allowed unless the assault is found by the jury to be malicious.

*Appeal from Jackson District Court.*—HON. WALTER I. HAYES, Judge.

FILED, MARCH 10, 1888.

ACTION to recover damages for an assault and battery. Trial by jury, verdict and judgment for the plaintiff against two of the defendants, and they appeal. There was a verdict for the other defendant.

*S. S. Simpson* and *William Graham*, for appellants.

*L. A. Wyncoop* and *Ellis & McCoy*, for appellee.

SEEVERS, C. J.—The defendants jointly pleaded a general denial, and that the plaintiff assaulted them, and that they simply defended themselves, as they lawfully might do. The defendant Yeager separately pleaded that he was lawfully passing along a highway adjoining or passing over the property of the plaintiff, and while upon the highway the plaintiff made an assault upon the defendant, and thereupon the defendant defended himself, as he lawfully might, doing no further injury to the plaintiff than was necessary. The other appellant pleaded the same defense in the same form and manner. The defendants also jointly pleaded in the sixth division of the answer that the same highway passing through the lands of the plaintiff had become founderous and utterly impassable for a considerable distance by reason of a heavy fall of snow, and, therefore, it was absolutely necessary for persons passing along said highway to pass over the lands of the plaintiff adjoining or abutting on the highway; that the defendants attempted to do so, when they were assaulted by the plaintiff, and thereupon defended themselves, as they lawfully might do. The plaintiff filed a motion to strike out the sixth division of the answer, on the ground that the matters pleaded were immaterial and irrelevant. This motion

was sustained. The defendants offered evidence tend-ing to prove that the highway was impassable and had suddenly become so. This evidence was rejected. The court instructed the jury as follows :

"1. The right of a traveler upon the public high-way to go upon the adjoining lands in case the highway is obstructed is a public right, which was taken into consideration at the time of the establishment of the highway, and for the exercise of which right on the part of the public the owner of the adjoining land has received compensation ; and such traveler may, no objec-tion being made by the owner or occupant, lawfully enter upon such adjoining lands, in case the highway becomes impassable by recent obstructions, and open the fence and inclosures, if necessary, and pass around such obstruction, doing no damage to the adjoining premises or the crops growing thereon, or the fences, beyond such as is necessary to enable him to pass."

"6. No question is made but that the plaintiff was the owner and in possession of the land on or adjoining which the affray took place, and, being so, he had the right to stop the defendants from going thereon, and to use such force as was necessary to that end, but legally no more, and if he intentionally used more force or a greater degree of violence than was necessary to that end, he would be guilty of an assault himself, and the defendants would themselves have the right of self-defense, although they might have commenced the affray in the first instance."

I. It is provided by statute that in an action brought for an injury to a "person, character or property, the defendant may set forth, in a distinct division of his answer, any facts of which evidence is legally admissible to mitigate or otherwise reduce the damages, whether a complete defense or justification is pleaded or not ; and he may give in evidence the mitigating cir-cumstances, whether he prove the defense or justifica-tion or not. * * *" Code, sec. 2682. Counsel for the appellee insist that the court correctly struck out

1. 'APPEAL: practice: pleading: objections not raised below.

the sixth division of the answer, upon two grounds: the *first* being that, if it be regarded as pleading mitigating circumstances only, then it was essential that it should confess the battery; and, *secondly*, that the matters pleaded do not constitute a defense to the action. But neither of these grounds was urged in the district court, and, therefore, cannot be presented here for the first time. That the matters pleaded were immaterial and redundant is essentially different from a claim that a cause of action is not stated, or that the cause of action was not confessed. If a cause of action is not stated in a pleading, the party should demur. This motion cannot be treated as a demurrer, and, if it could, it should be disregarded because not sufficiently specific.

II. It will, however, be conceded, for the purpose of this opinion, that, if the division struck out does not

2. HIGHWAY: obstruction: passage on adjacent land: assault: self-defense. present a complete or a partial defense to the action, then the error of the court in striking it out was not prejudicial. The material question is whether the fact that the highway was impassable constituted any defense to this action, and we have to say we think it does. Such has been the well-settled common-law rule in England for many years. Ang. & D. Highw., sec. 353. Highways are established for the use and benefit of the public, and when they are rendered temporarily impassable the right of travel should not be interrupted. This right is based on the ground of inevitable necessity; and also where the public convenience and necessity come in conflict with private right, the latter must yield to the former. Such fact, therefore, may be pleaded and shown as an excuse for the alleged trespass. Such temporary and unavoidable use of private property must be regarded as one of those incidental burdens to which all property in a civilized community is subject. The leading case on this subject in this country is *Campbell v. Race*, 7 Cush. 408, 54 Am. Dec. 731. See, also, *Morey v. Fitzgerald*, 56 Vt. 487. These cases sustain the views above expressed. The court, therefore, erred in

striking out the sixth division of the answer, and in rejecting evidence tending to sustain the matters therein pleaded, and also in giving the instructions above set out.

III.   Evidence was introduced tending to show that more than two years prior to the transaction in question, when the plaintiff and one of the defendants had a lawsuit, the latter, in speaking about it to the former, said : "Never mind ; I will fix you yet." This evidence was objected to, but the objection was overruled. The evidence, it may be supposed, was admitted on the theory that it tended to show malice, but the remarks were made long prior to the transaction, and the latter does not appear to have grown out of, or had any connection with, the lawsuit, and, therefore, we do not think such evidence had any tendency to show that defendant was actuated by malice in what he did. The evidence, therefore, was erroneously admitted. The instructions in relation to exemplary damages are erroneous, because the jury were not required to find the assault was malicious.

*3. ASSAULT and battery: evidence of malice: old threats.*

*4. ——: exemplary damages : no malice.*

REVERSED.