Megan E. BERNS, Individually and as next friend for minor Plaintiff, Kylee R. Berns, Plaintiffs Below, Appellants,

v.

Debra A. DOAN, Defendant Below, Appellee.

No. 234, 2007.

Supreme Court of Delaware.

Submitted: May 7, 2008.

Decided: June 10, 2008.

I. Barry Guerke, Parkowski, Guerke & Swayze, P.A., Dover, DE, for appellants.

Brian Thomas McNelis, Young & McNelis, Dover, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, Justices and NOBLE, Vice Chancellor,* constituting the court en banc.

STEELE, Chief Justice.

Plaintiff-appellant Megan Berns and defendant-appellee Debra Doan had a car accident on Doan's driveway. Berns was driving on the public highway, but a tree had fallen and blocked the highway in front of her. Berns used Doan's driveway to turn around. Unfortunately, Doan was backing out of her driveway at the same time. The cars collided and allegedly injured Berns' daughter, Kylee. Berns brought suit in Superior Court to recover for Kylee's alleged injuries. A Superior Court judge granted Doan summary judgment, finding no genuine issue of material fact that Berns, a trespasser, had entered Doan's real property without permission where the accident occurred. The premises guest statute, 25 *Del. C.* § 1501 bars trespassers' actions against private landowners for "injuries or damages" based on simple negligence. This is Berns' appeal.

Berns makes three arguments on appeal. First, Berns argues that the trial judge misapplied the premises guest statute, 25 *Del. C.* § 1501. Berns contends that 21 *Del. C.* § 2118(a)(2), which requires insurance coverage to operate a motor vehicle, provides an inferential exception to the premises guest statute. We hold that 21 *Del. C.* § 2118(a)(2) does not provide an exception to the premises guest statute simply because an accident on private land involves an automobile. Second,

* Sitting by designation pursuant to Del. Const. Art. IV § 12.

Berns contends that she entered Doan's property out of necessity, and thus, the premise guest statute does not apply. We find that the parties agree that the record sufficiently shows that other drivers used a vacant lot across the street to turn around; therefore, circumstances did not necessitate Berns using Doan's driveway. Finally, Berns argues that, although the vehicles undeniably collided on Doan's property, the record does not clearly show that Kylee, a passenger in the back seat, physically entered onto, and thus was injured, on Doan's property. Because Berns did not submit this argument to the trial judge, we will not consider it on appeal. Therefore, we **AFFIRM.**

## FACTS AND PROCEDURAL HISTORY

The facts surrounding this automobile accident are straightforward. Berns attempted to drive her daughter to a dance recital in her Gladiator minivan. But, a tree had fallen and blocked the roadway. Berns admits that, although other vehicles used a vacant lot across from Doan's property to turn around, she decided to turn into Doan's driveway in order to do so. As Berns turned into the driveway, Doan was backing out of her driveway. The vehicles collided on Doan's driveway. Kylee allegedly suffered injuries as a result of this accident. Nevertheless, the injured Kylee eventually made it to her dance recital and performed as Clara in the Holiday classic, The Nutcracker.

Berns brought suit in Superior Court claiming that Doan's negligence caused the accident that resulted in Kylee's alleged injuries. Doan moved for summary judgment, which a Superior Court judge granted based on 25 *Del. C.* § 1501, the premises guest statute, which bars trespassers' actions against private landowners for in-

juries caused by simple negligence. The trial judge reasoned that the premises guest statute applied, that Berns was not a public invitee and that, because the collision occurred on Burn's property, Burn's could not recover even if Doan were determined to have negligently caused Kylee's injuries.

## DISCUSSION

We review a trial judge's grant of summary judgment *de novo.*[1] We must determine "whether the record shows that there is no genuine, material issue of fact and the moving party is entitled to judgment as a matter of law."[2]

The first question that Berns raises is whether the premises guest statute bars recovery for injuries arising from operating an automobile on private land owners' property. Berns asserts that the legislature created an exception to the premises guest statute by enacting 21 *Del. C.* § 2118(a)(2), which mandates minimum insurance coverage before operating a motor vehicle.

The premises guest statute is a broad limitation of landowners' liability for injuries to trespassers and guests. 25 *Del. C.* § 1501 provides:

No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for *any* injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others. [emphasis added]

The premises guest statute eliminates a landowner's liability based on simple negli-

**1.** *Williams v. Geier,* 671 A.2d 1368, 1375 (Del. 1996).

**2.** *Id.*

gence for "*any* injuries or damages sustained by such person while on the premises...." Here, Kylee's alleged injury meets the test for "*any* injury."

■ 21 *Del. C.* § 2118(a)(2) requires that everyone who operates a motor vehicle have insurance, and provides "[c]ompensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident...." It does not, however, provide any specific exception to the general rule of the premises guest statute, which eliminates liability altogether when the action asserts only a claim for mere negligence. We recognize that 21 *Del. C.* § 2118(a)(2) and other sections in that title require insurance and generally provide "no exclusion intended to deny compensation to a portion of the class of victims which the statutes were designed to protect."[3] However, it does not follow that that statute, found in one Chapter of the Delaware Code, also impliedly creates a cause of action that is expressly negated by another statute found in a totally distinct Chapter.

■ The premises guest statute reflects a specific social policy to protect landowners from liability for injuries to persons who enter their land without permission. The legislature never expressly carved out any portion of 25 *Del. C.* § 1501 or of 21 *Del. C.* § 2118(a)(2), to recognize or create a specific cause of action for injuries on private property where an automobile is involved. In the face of this clear legislative statutory scheme which eliminates liability for negligently causing injuries to trespassers on private land, Delaware's bedrock constitutional principle of separation of powers restrains us from promoting an alternative social agenda. Accordingly, we hold that 25 *Del. C.* § 1501 does bar actions alleging trespassers' injuries arising from automobile accidents resulting from negligence that occur on private land.

■ Berns next argues that the premises guest statute does not apply because she lawfully entered Doan's land as a public invitee under the common law rule of necessity. Berns argues that, because the fallen tree blocked the highway, she could lawfully turn around in Doan's driveway. Doan contends, however, that the circumstances did not necessitate Berns using her driveway. Therefore, Berns trespassed when she entered the driveway, and the premises guest statute bars this action based on negligence.

The Restatement (Second) of Torts § 229 defines a trespasser as "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." Although Berns argues that the fallen tree made it necessary for her to enter onto Doan's land, she admits that other traffic used an empty lot across the street to turn about. Nothing necessitated Berns using *Doan's* driveway. Instead, Berns made a choice to enter onto Doan's property, where another alternative was available. Given these facts, we find that Berns was a trespasser for the purposes of the premises guest statute and that the statute bars her action. Under these circumstances, we need not address whether Delaware recognizes "a common law rule of necessity" or whether the legislature intended 25 *Del. C.* § 1501 to abrogate *the common law* rule of necessity.

■ Finally, Berns asserts that the record did not clearly demonstrate that Kylee's body was physically located on Doan's property when she was injured even though it is undisputed that the front of Berns' van was on Doan's property. In her Superior Court summary judgment

---

**3.** *Nationwide Gen. Ins. Co. v. Seeman,* 702    A.2d 915, 919 (Del.1997).

brief, Berns argued that her vehicle "nosed" onto Doan's property but that her van or the portion in which Kylee was seated may still have been on an undescribed public easement. Berns conceded that she had left the traveled roadway and entered onto Doan's private driveway. Berns also asserted that she could enter Doan's property because that portion of Doan's driveway was included within a public easement. The possible existence of an undescribed public easement over a portion of Berns' private driveway does not open that private driveway to public use. Doan remains the owner of the land on which the accident occurred and the premises guest statute covers that privately owned land.

On appeal, Berns further tailors her argument in order to create a "genuine" issue of "material" fact. She argues to us that because her van "nosed" onto the driveway, Kylee, who was in the back seat, may have still been on the traveled part of the roadway and not on Doan's driveway. Berns, however, never raised this argument to the trial judge. Rather, Berns conceded that the van entered Doan's property. Under Supreme Court Rule 8, "only questions fairly presented to the trial court may be presented for review," unless the interest of justice requires its consideration.[4] Because Berns did not make this nuanced factual argument to the trial judge, we will not consider it on appeal.

### CONCLUSION

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

---

4. *AT & T Corp. v. Lillis,* 953 A.2d 241, 2008      WL 2151436 at *8 (Del.2008).