Megan E. BERNS, individually and as next friend for minor Plaintiff, Kylee R. Berns, Plaintiffs Below, Appellants,

v.

Debra A. DOAN, Defendant Below, Appellee.

No. 234, 2007.

Supreme Court of Delaware.

Submitted: Aug. 27, 2008.
Decided: Nov. 10, 2008.

---

4. *AT & T Corp. v. Lillis*, 953 A.2d 241, 2008 WL 2151436 at *8 (Del.2008).

I. Barry Guerke, Parkowski, Guerke & Swayze, P.A., Dover, Delaware, for appellants.

Brian Thomas McNelis, Young & McNelis, Dover, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, Justices and NOBLE, Vice Chancellor * constituting the court en banc.

STEELE, Chief Justice for the Majority.

Plaintiff-appellant Megan Berns' automobile collided with defendant-appellee Debra Doan's automobile on Doan's driveway. Upon finding the public highway blocked by a fallen tree, Berns attempted to use Doan's driveway to turn around. At the very time Berns pulled into the driveway, Doan was backing out of her driveway. The two vehicles collided and allegedly Berns and her daughter, Kylee were injured. Berns brought suit in Superior Court to recover for those alleged injuries. The trial judge granted Doan summary judgment, finding no genuine issue of material fact in dispute because Berns trespassed on Doan's real property at the time of the accident, and because the premises guest statute, 25 *Del. C.* § 1501 bars trespassers' actions against private landowners for "injuries or damages" based on simple negligence.

In Berns' first appeal, we held that Berns trespassed upon Doan's land and the premises guest statute barred her from recovering for any injuries caused by

* Sitting by designation pursuant to Del. Const.    Art. IV § 12.

Doan's alleged ordinary negligence.[1] Berns moved for reargument and we granted her motion to consider whether the common law principles in *Campbell v. Race*[2] compelled a conclusion that Berns was a public invitee on Doan's land, rather than a trespasser, and, therefore, the premises guest statute would not apply.[3] We conclude that, because it was not "inevitably" necessary for Berns to enter Doan's real property, Berns and Kylee were trespassers whose claims the premises guest statute bars. Accordingly, we affirm the Superior Court's grant of summary judgment to the defendant.

## FACT AND PROCEDURAL BACKGROUND

On Friday November 14, 2003, Berns attempted to drive her daughter to the Whatcoat Church in Camden, Delaware so that she could perform excerpts of her role as Clara in the Central Delaware Dance Academy's performance of the Nutcracker ballet for the church preschool class. As Berns neared the church, she came upon a fallen tree that blocked the roadway. At first, Berns planned to use Doan's driveway to turn around. Having at least partially pulled into Doan's driveway, Berns decided it would be easier to turn her Gladiator van around in a vacant lot across the street. Berns contends that, as she checked for traffic to be able to back her van up and, thereafter, use the vacant lot to turn around, Doan reversed her automobile into the front of Berns' van. Berns and Kylee allegedly suffered injuries resulting from the collision. Following the collision, Berns left her van on Doan's property and walked Kylee the rest of the way to the nearby church.

Berns filed a complaint in Superior Court alleging that Doan negligently caused the collision that resulted in her and Kylee's alleged injuries. Applying 25 *Del. C.* § 1501,[4] the trial judge determined that Berns, as a trespasser, could not recover for any injuries allegedly suffered while on Doan's property even if Doan's negligence proximately caused those injuries. The trial judge granted Doan's motion for summary judgment.

In *Berns I*, we held: (1) 21 *Del. C.* § 2118(a)(2), which requires insurance coverage to operate a motor vehicle, does not provide an exception to the premises guest statute simply because an accident on private land involves an automobile; (2) Berns did not enter Doan's property out of necessity because other drivers used a vacant lot across the street to turn around; and, (3) because Berns did not present to the trial judge an argument that Kylee or Berns did not physically enter, and thus

1. *Berns v. Doan (Berns I)*, 2008 WL 2356991 (Del.).

2. 61 Mass. 408, 412 (Mass.1851).

3. We decline to address Berns' assertion that we improperly rejected the argument that Berns or Kylee were not actually on Doan's property at the time of the collision. As we stated in *Berns I*, Supreme Court Rule 8 bars this argument because Berns did not raise this argument at trial. *See* 961 A.2d 502, 2008 WL 2356991, at *3. The interest of justice does not require its consideration because the police report detailing the accident clearly states that Berns' vehicle was in Doan's drive-

way. No party suggested to the trial judge that the investigating officer erred in that conclusion.

4. 25 *Del. C.* § 1501 provides that:
   No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others.

were injured, on Doan's property, we would not consider the argument on appeal.[5] Berns requested reargument, claiming that we misapprehended the gravamen of *Campbell* and misapplied the common law's determination of Berns and Kylee's status at the time of the collision.[6] We granted Berns' motion and held *en Banc* oral arguments on August 27, 2008. We again affirm.

## DISCUSSION

Berns argues that, where the common law rule in *Campbell* is properly understood and applied,[7] she and Kylee are converted from trespassers to business invitees on Doan's property and, therefore, the premises guest statute cannot bar her and Kylee's claims. Berns argues that the blockage of the public highway by the fallen tree created a necessity that granted her free passage over adjacent, private lands as though she were still on a public highway. Berns claims we erred by concluding that the availability of the vacant, yet private, lot across the street altered in any way her option to use Doan's driveway arising from necessity. She asserts that once a public highway is obstructed, a traveler may freely continue her journey as an invitee on *any* adjacent, private land;

i.e., may freely select *any* available alternative.

In *Campbell*, the Supreme Judicial Court of Massachusetts adopted the "well settled" English rule that "where a highway becomes obstructed and impassable from temporary causes, a traveller has a right to go *extra viam* upon adjoining lands, without being guilty of trespass." [8] This right is based upon the general principle that "[h]ighways are … for the public service, and if the usual tract is impassable, it is for the general good that people should be entitled to pass in another line." [9] "[W]here the public convenience and necessity come in conflict with private right, the latter must yield to the former." [10] The use of the adjoining land must be "temporary and unavoidable," where "the only escape is, by turning out of the usually travelled way, and seeking an outlet over the fields adjoining the highway." [11]

"Such a right is not to be exercised from convenience merely … it is to be confined to those cases of inevitable necessity or unavoidable accident, arising from sudden and recent causes which have occasioned temporary and impassable obstructions in the highway." [12] The otherwise obstructed traveler must pass "as near to the original way as possible." [13] In fact, under com-

5. *Berns I,* 961 A.2d 502, 2008 WL 2356991 at *1.

6. 61 Mass. 408.

7. *Id.*

8. *Id.* at 410.

9. *Taylor v. Whitehead,* 2 Dougl. 748.

10. *Irwin v. Yeagar,* 74 Iowa 174, 37 N.W. 136, 137 (Iowa 1888).

11. *Campbell,* 61 Mass. at 410.

12. *Id.* at 413–14; *See also Lynch v. Boston & M.R.R.,* 226 Mass. 522, 116 N.E. 248, 249–51

(1917) (holding that a woman pushing a baby carriage had no right to go *extra viam* to get home to dinner where the public way had been blocked by a train for fifteen minutes).

13. *Holmes v. Seely,* 19 Wend. 507, 510 (N.Y. 1838); *see also Young vers. ——,* 1 LD. RAYM. 726 ("[E]very man of common right may justify the going of his servants or of his horses upon the banks of navigable rivers, for towing barges, & c to whomsoever the right of the soil belongs, and if the water of the river impairs and decreases the banks, & c. then *they shall have reasonable way for that purpose in the nearest part of the field next adjoining the river.*") (emphasis added).

mon law, a traveler could make a gap in a private land owner's hedges to avoid going any farther into the owner's private grounds than is absolutely necessary.[14]

The North Carolina Supreme Court explained the *Campbell* requirement of "inevitable necessity or unavoidable accident":

> When a traveler has notice of the existence of the obstruction, and can reach his destination with his vehicle by another route, which is more circuitous, but not unreasonably long, he will not be permitted, merely for the sake of convenience, to pass, *without incurring liability in a civil action,* by the more direct way over the land of an abutting proprietor.[15] [emphasis supplied]

To be clear, one who can avoid intruding upon private property by taking a more circuitous and not unreasonably long route but chooses not to, is liable for trespass.[16]

■ We review a trial judge's grant of summary judgment *de novo.*[17] We must determine "whether the record shows that there is no genuine, material issue of fact and the moving party is entitled to judgment as a matter of law."[18]

■ Berns argument that she and Kylee were public invitees at the time of the collision fails in several respects. Berns erroneously claims that, when applying the premises guest statute, a travel-er forced to go *extra viam* because of an obstructed public highway suddenly morphs from a trespasser into a public invitee. As stated in *Campbell* "where a highway becomes obstructed and impassable from temporary causes, a traveller has a right to go *extra viam* upon adjoining lands, *without being guilty of trespass.*"[19] No common law case supports Berns' attempt to convert the common law shield from liability for trespassing into a sword that drastically changes the relationship between land owners and random travelers on public roads. Although a land owner's property rights may be "[s]ubject to the right of mere passage, the owner of the soil is still absolute master."[20]

Even if the common law right to go *extra viam* changes the classification of a traveler, who would otherwise be a trespasser, that traveler would be a licensee, not a public invitee. The Restatement (Second) of Torts defines public invitees as "those who enter as members of the public for a purpose for which the land is held open to the public."[21] Though an invitation "does not in itself establish the status of an invitee, it is essential to it."[22] "[A]n invitation is conduct which justified others in believing that the possessor desires them to enter the land," as opposed to permission which is "conduct justifying others in believing that the possessor is

**14.** *Henn's case,* Sir Wm. Jones, 297.

**15.** *State v. Brown,* 109 N.C. 802, 13 S.E. 940, 941 (1891) (citing *O.B. Farrelly & Co. v. City of Cincinnati,* 2 Disn. 516); *see also Gulf Production Co. v. Gibson,* 234 S.W. 906, 909 (Tex.Civ.App.1921) ("But in order for one to have the right of deviation ... it must be shown that no other passway was convenient or accessible.").

**16.** *Id.*

**17.** *Williams v. Geier,* 671 A.2d 1368, 1375 (Del.1996).

**18.** *Id.*

**19.** 61 Mass. at 410 (emphasis added).

**20.** *Adams v. Rivers,* 11 Barb. 390 (1851).

**21.** REST 2d TORTS § 332 cmt. a. For the purpose of the premises guest statute, we accept the classifications in the Restatement (Second) of Torts. *See Caine v. New Castle County,* 379 A.2d 1112, 1114–15 (Del.1977).

**22.** *Id.* at cmt. b.

willing that they shall enter if they desire to do so."[23]

There is no evidence in the record that Doan invited Berns and Kylee onto her property, overtly or through conduct demonstrating that Doan desired them to enter the land. At most, the common law right to go *extra viam* would have given Berns *permission* to enter Doan's property. "Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee ... but it does not make him an invitee."[24] Because licensees are considered "guests without payment,"[25] the premises guest statute would bar Berns' claim.[26]

■ Apart from whether the common law right to go *extra viam* transforms a trespasser into a mere licensee or even into a public invitee,[27] we find that Berns did not enter Doan's property out of necessity and, therefore, had no right to go *extra viam*. To determine whether Berns had the right to be on Doan's property at the time of the collision, the essential question is whether it was *necessary* for Berns to enter Doan's private driveway on account of the fallen tree.[28] The trial judge determined that it was not necessary, and we agreed.[29] In *Berns I*, we refrained from addressing whether Delaware recognizes "a common law rule of necessity."[30] Allowing that Delaware follows the common law rule of *Campbell* and the cases described above, we hold that it was not *inevitably necessary* that Berns enter Doan's driveway.

Berns did not use Doan's driveway out of "inevitable necessity or unavoidable accident," as required by *Campbell*.[31] Berns could have performed a three-point turn[32] within the bounds of the public highway and, then, continued to the church via a more circuitous route.[33] Given that Berns walked Kylee the rest of the way to the church, taking an alternate route clearly would not have taken an unreasonable amount of time.[34]

■ Even if Berns could not have completed a three-point turn within the public highway, she could have used the vacant lot to turn around, not Doan's driveway.

---

23. *Id.*

24. *Id.*

25. *See Acton v. Wilmington and Northern R. Co.*, 407 A.2d 204, 206 (Del.1979).

26. *See* 25 *Del. C.* § 1501.

27. A prospect we believe never contemplated by our General Assembly's adoption of 25 *Del. C.* § 1501. We doubt the General Assembly contemplated transform of the common law shield for a trespasser into a sword to sue a landowner.

28. *See White v. Wiley*, 13 N.Y.S. 205 (1891) (finding defendant trespassed on plaintiff's property because he could not show actual necessity to enter the property).

29. *See Berns I*, 961 A.2d 502, 2008 WL 2356991 at *3.

30. *Id.*

31. *See Campbell*, 61 Mass. at 410.

32. The *Delaware Driver Manual*, provided by the Division of Motor Vehicles, defines a three-point turn as a "maneuver to turn a vehicle 180 degrees **on a narrow street.** It is accomplished by turning sharply to the left almost to curb, backing to right almost to the other curb, and finally turning to the right side of the roadway in the direction opposite to that at start." Division of Motor Vehicles, *Driver Manual* 12 (2007), *available at* http://www.&1fdmv.de.gov/forms/driver_serv_forms/pdfs/dr_frm_manual_03272008.pdf (emphasis added). The manual also notes that performing a three-point turn is part of the road test required to obtain a driver's license. *Id.* at 28.

33. *See Brown*, 13 S.E. at 941.

34. *See id.*

A common theme among the cases recognizing a common law right to go *extra viam* is the recognition that, if a traveler must enter private property to bypass an obstruction, she must do so in a manner that limits the infringement of property rights.[35] Travelers must go "as near to the original way as possible," even to point where they must create a gap in the property owner's hedges to avoid infringing upon his property rights any more than absolutely necessary.[36] The risk of substantially interfering with Doan's enjoyment of her property was more likely than the risk posed by using an uninhabited lot. Accordingly, Berns should have either completed a three-point turn within the highway or used the vacant lot to turn around, rather than entering the driveway to Doan's residence. Requiring Berns to choose the path with the least risk of infringing upon a residential property holder's rights is wholly consistent with the legislature's intent in enacting the premises guest statute to protect private residential property holders.

Because Berns did not enter Doan's property out of inevitable necessity, she was a trespasser at the time of her collision with Doan's vehicle. Therefore, 25 *Del. C.* § 1501 precludes Berns and Kylee from recovering for any injuries caused by Doan's alleged ordinary negligence.

## CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is affirmed.

BERGER, Justice, dissenting.

Although I did not dissent from *Berns I*, after reconsideration of the issues in light of the reargument, I am convinced that the premises guest statute has no application here. This case is about a car accident. From the record, it appears that Doan backed out of her driveway without looking to see if the path was clear, and drove into Berns' car, which was temporarily stopped in Doan's driveway. The jury should decide whether Doan was negligent, under all the circumstances (including the fact that she was in her own driveway when she hit Berns), and the extent of any damages.

The premises guest statute was intended to protect homeowners and farmers from potential liability to trespassers and guests who are injured as a result of some condition on the property—a person who trips on a pothole, a partygoer who is hit by a falling outdoor light, or a trespasser who falls through rotten floorboards in a barn. Under the statute, if a landowner maintains a business on his property, then the landowner must exercise ordinary care and provide a safe environment for his business invitees. If a landowner does not open his property to the public, however, the landowner owes no duty to maintain the safety of the premises for the benefit of guests or trespassers.

This case does not present a claim against a landowner; it is a claim against a motorist for injuries caused by the motorist's operation of her automobile. Our analysis in *Porter v. Delmarva Power & Light Co.*[1], is instructive. In *Porter*, a child was injured while climbing an electric pole in a corn field. The pole was located on an easement held by the City of Dover and Delmarva Power Company. The trial court held that Dover and Delmarva Power were "occupiers" of the premises for

---

**35.** *See, e.g., Holmes,* 19 Wend. at 510; *Young vers.* ——, 1 LD. RAYM. 726; *Henn's case,* Sir Wm. Jones, 297.

**36.** *See id.*

**1.** 547 A.2d 124, 127 (Del.1988) (Emphasis added.).

purposes of the premises guest statute. This Court reversed, holding that the focus should be on the instrumentality that caused the injury, not the land it was sitting on:

> In focusing on the nature of the underlying farm premises and not on the use of the easement, the Superior Court erred. The premises/function distinction which the statute ... reflects was inserted to limit the class of property owners who could claim the protection of the statute. Moreover, since it is the pole, not the farm land under it, which is the instrumentality claimed to have caused injury, the underlying rationale of the statute, limiting the liability of residential and farm occupiers, is not served by seeking to extend its protection to industrial or commercial occupiers. It need hardly be noted that the hazards which attend industrial and commercial activities ... implicate liability considerations different from those of farm and residential use. We conclude, therefore, that *under the circumstances of their actual use of the easement, Dover and Delmarva may not be deemed occupiers of farm premises.*

Applying that same reasoning here, the hazards that attend the operation of automobiles implicate liability considerations different from those of farm and residential use. Indeed, the operation of automobiles is so inherently dangerous that our General Assembly requires all automobiles to be insured, in an effort to provide full compensation for those who are injured. Doan was driving on her driveway without paying adequate attention to the road. Her automobile, not her premises, was the instrumentality that caused the injury.

The premises guest statute "is in derogation of the common law and ... must be strictly construed against the party for whose benefit the law was passed." [2] As the majority acknowledges, under the common law "rule of necessity," a motorist may travel over private property if the highway is obstructed. Under those circumstances, the motorist is not a trespasser. The majority posits that the motorist becomes a licensee, and that a licensee is a "guest without payment."

I disagree. A motorist who uses a driveway to turn around is a public invitee. Every member of the driving public has turned around in someone's driveway—many times. We see a driveway as a safe place to pull off the road and await a break in traffic that will allow us to change direction. As landowners, we expect our driveways to be used in this fashion, and those who object to this practice erect gates over their driveways. Under this analysis, it does not matter whether Berns had other choices than to use Doan's driveway to turn around. Her limited use of Doan's driveway (both in time and distance) qualified Berns as a public invitee, not subject to the premises guest statute.[3]

This result follows from a strict construction of the premises guest statute, and creates no hazards for landowners. The basis for liability here is the activity of the landowner—negligent driving—not the landowner's failure to maintain safe premises.

---

**2.** *Id.* at 128.

**3.** Depending on the circumstances, the jury might have to decide whether a motorist went beyond the "invitation" to use the driveway

where, for example, the motorist drives the length of a mile-long driveway, looking for a more convenient turn around.