CHARLES R. GETZ, JR., Plaintiff Below-Appellant,
v.
STANLEY TAYLOR, et al., Defendants Below-Appellees.
No. 100, 2009.
Supreme Court of Delaware.
Submitted: October 30, 2009.
Decided: December 8, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice
This 8th day of December 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The plaintiff-appellant, Charles R. Getz, Jr., filed an appeal from the Superior Court's February 17, 2009 order granting the motion for summary judgment of the defendants-appellees, Stanley Taylor, et al., denying his five motions, and dismissing his two additional complaints. We find no merit to the appeal. Accordingly, we affirm.
(2) Getz is an inmate currently incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, formerly the Delaware Correctional Center ("DCC"). Getz is serving a life sentence for the rape of his then-11 year-old daughter. Getz's conviction, following his third Superior Court trial, was affirmed by this Court.[1] In 2001, Getz filed a complaint in the United States District Court for the District of Delaware against the Warden of the DCC on the ground that his constitutional rights were being violated. He sought injunctive relief against prison officials for requiring him to attend counseling groups for sex offenders and for withholding housing, job, and other privileges from him as punishment for his refusal to attend such groups. Finding no constitutional violation, the District Court denied Getz' request for relief.[2]
(3) In July 2006, Getz filed a complaint in the Superior Court against Stanley Taylor et al. ("State Defendants") alleging that the State Defendants had violated his constitutional rights by requiring him to participate in mental health and behavior modification programs and by denying him certain privileges as punishment for his refusal to do so. Getz requested injunctive and monetary relief. On January 31, 2008, after the close of discovery, the State Defendants filed a motion for summary judgment requesting that the Superior Court enter judgment in their favor on all claims made by Getz.
(4) The State Defendants argued four grounds in their motion: a) Getz is barred from advancing his claims under the doctrine of res judicata; b) the Department of Correction has the statutory authority to require Getz to participate in programs geared toward treatment and rehabilitation; c) the restrictions imposed for Getz' failure to participate in such programs do not violate his constitutional rights; and d) the State Defendants are immune from liability. On May 29, 2008, the Superior Court held a hearing on the State Defendants' motion. After supplemental briefing, the Superior Court issued its decision granting the motion on the ground that Getz' claims were barred under the doctrine of res judicata, which prevents a party from bringing a second lawsuit on the same issue involving the same parties or their privies after a final judgment has been entered.[3]
(5) Specifically, the Superior Court determined that Getz' current claims arose from the same or equivalent transactions that gave rise to the claims he previously made in the District Court. Moreover, the Superior Court determined that, while Getz did not expressly raise his state law claims in the District Court, he, nevertheless, could have raised those claims, thereby invoking the District Court's pendent jurisdiction. Because Getz did not carry his burden of demonstrating that the District Court would have refused to assert jurisdiction over his state law claims, the Superior Court determined that those claims were barred.[4] Having determined that there was no dispute of material fact and that the State Defendants were entitled to judgment as a matter of law, the Superior Court also denied, as moot, Getz' motions to compel, for declaratory judgment, to proceed with trial, for a response to a question of law, and to strike and, finally, dismissed his additional complaints for harassment and criminal acts.
(6) In his appeal from the Superior Court's judgment, Getz asserts several claims that may fairly be summarized as follows: a) the Superior Court should not have granted summary judgment to the State Defendants because there were material facts in dispute and the State Defendants were not entitled to judgment as a matter of law; b) the Superior Court utilized an erroneous summary judgment standard; and c) the Superior Court erred when it determined that his claims were res judicata.
(7) This Court reviews de novo the Superior Court's grant of summary judgment, utilizing the same standard as the Superior Court.[5] Specifically, we determine whether the record shows that there is no dispute of material fact and that the moving party is entitled to judgment as a matter of law.[6] Having reviewed de novo the Superior Court's grant of summary judgment in this case and having determined that there is no dispute of material fact and that the State Defendants are entitled to judgment as a matter of law, we conclude that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned memorandum opinion dated February 17, 2009.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Getz v. State, Del. Supr., No. 364, 1989, Walsh, J. (Sept. 13, 1990).
[2] Getz v. Carroll, D. Del., No. 01-744, Robinson, J. (Dec. 7, 2001).
[3] Wilson v. Danberg, Del. Supr., No. 342, 2008, Jacobs, J. (Sept. 19, 2008) (citing Betts v. Townsends, Inc., 765 A.2d 531, 534 (Del. 2000)).
[4] Maldonado v. Flynn, 417 A.2d at 378, 383-84 (Del. Ch. 1980).
[5] Berns v. Doan, 961 A.2d 506, 510 (Del. 2008).
[6] Id. at 510.