AUGUSTUS HEBREW EVANS, JR., Plaintiff Below-Appellant,
v.
SGT. THOMAS LEE, Defendant Below-Appellee.
No. 665, 2009.
Supreme Court of Delaware.
Submitted: April 30, 2010.
Decided: June 1, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 1st day of June 2010, upon consideration of the appellant's opening brief and the appellees' motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The plaintiff-appellant, Augustus Hebrew Evans, Jr., filed an appeal from the Superior Court's October 21, 2009 order granting the motion for summary judgment of the defendant-appellee, Sergeant Thomas Lee. Sergeant Lee has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) The record reflects that, on July 14, 2006, Sergeant Lee, while on patrol, observed Evans' father, Augustus Hebrew Evans, Sr., in the area of Third and North Streets in Seaford, Delaware. He appeared to be intoxicated. Evans' father was a familiar figure to the Seaford police. Typically, when a member of the Seaford police department saw Evans' father on the street appearing intoxicated, he would give Evans' father a ride back to his residence at the Virginia Crest Apartments. On that day, Sergeant Lee picked up Evans' father and dropped him off at the Virginia Crest Apartments. He observed Evans' father walk up to the front door and enter the apartment building before he pulled away. However, Sergeant Lee was unaware that Evans' father had temporarily been relocated to a motel due to flooding in his apartment. Later that day, walking in the opposite direction from his motel, Evans' father was struck by an automobile and subsequently died of his injuries. Evans filed suit in the Superior Court seeking damages as a result of his father's death.[2]
(3) In this appeal, Evans argues that the question of liability on the part of Sergeant Lee is a question of fact for determination by the jury and that, therefore, the Superior Court erred when it granted Sergeant Lee's motion for summary judgment.
(4) We review the Superior Court's grant of a motion for summary judgment de novo, applying the same standard as the Superior Court.[3] As such, we must determine whether the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4] Under the County and Municipal Tort Claims Act,[5] a municipal employee is personally subject to civil liability only where he or she has caused "property damage, bodily injury or death" while acting outside "the scope of [his or her] employment" or with "wanton negligence or willful and malicious intent."[6]
(5) Our review of the briefs and the record leads us to conclude that summary judgment was properly granted in this case.[7] We agree with the Superior Court that appellant Evans has failed to offer any support for a finding by a jury that Sergeant Lee's conduct was either outside the scope of his employment or was wanton, willful or malicious. Therefore, the judgment of the Superior Court must be affirmed.
(6) It is manifest on the face of the opening brief that this appeal is without merit because it is controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Evans had standing to bring the lawsuit under Delaware's Wrongful Death statute, Del. Code Ann. tit. 10, §3724.
[3] Berns v. Doan, 961 A.2d 506, 510 (Del. 2008).
[4] Moore v. Sizemore, 405 A.2d 679, 680 (Del. 1979).
[5] Del. Code Ann. tit. 10, §4010 et seq.
[6] Del. Code Ann. tit. 10, §4011(c).
[7] We note that the Superior Court afforded Evans, who was incarcerated and acting pro se, ample opportunity to conduct pretrial discovery regarding his claims.