# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMANDA FRANCOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | C.A. No. N15C-05-191 FWW |
| v. | ) | |
| | ) | |
| LUCINDA T. ELOM, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 13, 2017
Decided: January 17, 2017

Upon Defendant's Motion for Summary Judgment:
**GRANTED.**

## ORDER

Gary S. Nitsche, Esquire, Samuel D. Pratcher, III, Esquire, Weik, Nitsche & Dougherty, 305 North Union Street, Second Floor, P.O. Box 2324, Wilmington, Delaware 19899; Attorneys for Plaintiff.

Rachel D. Allen, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., 405 North King Street, Suite 300, P.O. Box 1276, Wilmington, Delaware 19899; Attorney for Defendant.

**WHARTON, J.**

This 17th day of January 2017, upon consideration of Defendant Lucinda Elom's Motion for Summary Judgment, Plaintiff Amanda Francois' Response, argument, and the record in this matter, it appears to the Court that:

1. On May 15, 2014, Plaintiff was walking her dog on the sidewalk in front of Elom's residence.[1] For a reason unknown to Plaintiff, Plaintiff decided to step off of the public sidewalk and onto Elom's driveway.[2] Plaintiff asserts that she fell on Elom's driveway due to a crack in the driveway, and as a result, she sustained injuries to her right knee.[3]

2. On May 22, 2015, Plaintiff filed her Complaint. Plaintiff asserts that Elom was negligent in failing to properly and reasonably inspect her driveway, in failing to properly and reasonably warn Plaintiff, and in failing to repair the driveway.[4] Plaintiff also claims that Elom's failure to fix the driveway "amounted to willful and wanton conduct in knowing that the area in question needed repairs and failed to do so in a timely fashion or at all."[5] Plaintiff therefore seeks damages for her personal injuries, pain and suffering, medical expenses, costs, and interest.[6]

3. On October 24, 2016, Elom filed her Motion for Summary Judgment. Because Plaintiff trespassed onto Elom's premises, Elom argues that she cannot be

---

[1] Pl.'s Comp., D.I. 1, at ¶ 4.
[2] Def.'s Opening Br., D.I. 33, at ¶ 4.
[3] D.I. 1, at ¶ 5.
[4] *Id.* at ¶ 6.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 10.

2

held liable under 25 *Del. C.* § 1501 unless she willfully or wantonly disregarded the defective condition on her premises.[7] As such, Elom argues that she did not willfully or wantonly disregard a defective condition on her property because she never had any concerns about her driveway.[8] Furthermore, Elom argues that she has never been informed that anyone slipped and fell on her property in the past. Finally, no one has ever requested that Elom repair her driveway.[9] Therefore, Elom's conduct could not be deemed willful or wanton because she had no reason to believe that a defective condition on her driveway ever existed.[10]

4.     On November 15, 2016, Plaintiff filed her Response to Plaintiff's Motion. Plaintiff does not contest that she trespassed onto Elom's premises.[11] However, Plaintiff argues that Elom failed to repair her driveway after she was informed that it needed to be done.[12] Plaintiff contends that such inaction amounts to willful or wanton conduct.[13] Hence, Plaintiff asserts that Elom should be held liable under § 1501.

5.     Superior Court Civil Rule 56(c) provides that summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the

---

[7] D.I. 33, at ¶ 6.
[8] *Id.* at ¶ 5.
[9] *Id.*
[10] *Id.*
[11] Pl.'s Answering Br., D.I. 35, at ¶ 5.
[12] *Id. at* ¶¶ 5–7. At argument, however, Plaintiff conceded that the record does not support this assertion.
[13] *Id.* at ¶ 6.

moving party is entitled to a judgment as a matter of law." When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[14] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[15] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[16]

6. Pursuant to § 1501, "[n]o person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the willful or wanton disregard of the rights of others."[17]

7. Plaintiff, a trespasser, argues that Elom should be liable because Elom willfully or wantonly neglected to repair her driveway. Delaware courts have defined "willful or wanton" conduct in the context of premise liability cases. For example, in *Bailey v. Pennington*, the Delaware Supreme Court found that willful

---

[14] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).
[15] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[16] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[17] *Berns v. Doan*, 961 A.2d 502, 505 (Del. 2008) ("The premises guest statute reflects a specific social policy to protect landowners from liability for injuries to persons who enter their land without permission.").

4

or wanton conduct "assumes the character of maliciousness or wickedness."[18] The *Bailey* Court also noted that "[t]here is a clear distinction between wantonness and negligence, as the former term includes the elements of consciousness of one's conduct, realization of the probability of injury to another, and disregard of the consequences."[19] Additionally, in *Kalb v. Council*, this Court stated that a "[w]illful or wanton disregard of a plaintiff's rights—as opposed to negligence—reflects a 'conscious indifference' or an 'I-don't-care attitude.'"[20]

8. Viewing the facts in the light most favorable to Plaintiff, the Court finds that Elom's conduct cannot be construed as either willful or wanton. Plaintiff asserts that Elom knew about the defective condition on her driveway and consciously disregarded repairing it, but there is no evidence in the record to support this assertion. Elom testified that she has lived in her home for over nineteen years, and during this time period, she has never had any concerns about the condition of her driveway.[21] According to Elom's testimony, no one has ever fallen on her driveway due to the defect that allegedly exists.[22] Furthermore, Elom testified that no one has ever requested Elom to fix her driveway near the public sidewalk.[23] The Court, therefore, cannot find any evidence in the record to suggest that Elom

---

[18] 406 A.2d 44, 46 (Del. 1979) (quoting *Gallegher v. Davis*, 183 A. 620, 622 (Del. Super. 1936)).
[19] *Id.*
[20] 2013 WL 1934665, at *4 (Del. Super. May 8, 2013) (quoting *Eustice v. Rupert*, 460 A.2d 507, 509 (Del. 1983)).
[21] Elom Dep., E.I. 33, at 4:20-22, 14:1-7.
[22] *Id.* at 14:18-24.
[23] *Id.* at 20:16-24.

had a "conscious indifference" or an "I-don't-care attitude" towards the defective condition that allegedly exists on her driveway.[24]

THEREFORE, Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[24] *Kalb*, 2013 WL 1934665, at *4 (citations omitted).