**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 17, 2021
Date Decided: October 22, 2021

Matthew F. Davis, Esquire
Justin T. Hymes, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza – 6th Floor
Wilmington, Delaware 19801

Julia B. Klein, Esquire
Klein LLC
919 N. Market Street
Suite 600
Wilmington, Delaware 19801

RE: *Joshua J. Angel v. Warrior Met Coal, Inc., et al.*
C.A. No. 2019-0235-SG

Dear Counsel:

At this stage, this litigation involves a single claim for unjust enrichment by Joshua J. Angel, the Plaintiff, against the Defendants. The matter is currently before me on a Motion for Reconsideration (the "Reconsideration Motion") sought by the Defendants in response to my Letter Opinion, dated June 30, 2021 (the "Opinion"), which addressed the Defendants' Motion to Dismiss as to all claims (the "Motion to Dismiss") and the Defendants' Motion for Partial Summary Judgment with respect to claims affected by the notice issue (the "Summary Judgment Motion"). The Opinion considered the pertinent issues under the applicable motion to dismiss standard, and perceived the Summary Judgment Motion as solely intended to address

the breach of contract claim.[1] As the breach of contract claim did not survive the Motion to Dismiss, the Opinion mooted the Summary Judgment Motion.[2] The parties have provided supplemental briefing with respect to the Reconsideration Motion, and the Defendants have clarified that their Summary Judgment Motion pertains more broadly to any and all claims that survive the Motion to Dismiss.[3] Therefore, per the Defendants, their Summary Judgment Motion with respect to the unjust enrichment claim is not mooted and should be granted. So finding would resolve the remainder of the litigation.

An adumbration of the facts sufficient to resolve the Summary Judgment Motion follows. The Plaintiff was a lienholder of Walter Energy, Inc. ("Debtor").[4] Upon bankruptcy, a steering committee (the "Steering Committee") formed of other such lienholders, but not including the Plaintiff, sought to purchase the Debtor's assets in return for a release of debt.[5] To accomplish this, the Steering Committee proposed transferring the Debtor's assets to Coal Acquisition LLC, now named Warrior Met Coal LLC ("Warrior LLC").[6] The Debtor's creditors, including the

---

[1] Mem. Op. 3, Dkt. No. 76 [hereinafter "Op."].
[2] *Id.* at 11.
[3] *See* Defs.' Mot. for Recons. 2, Dkt. No. 77 [hereinafter "Recons. Mot."].
[4] Op. at 4.
[5] *Id.* at 4–5.
[6] *Id.* at 6.

Steering Committee, would then receive an equity distribution from Warrior LLC (the "Distribution").[7]

The bankruptcy court required that the Distribution occur in compliance with securities law.[8] To achieve this, Warrior LLC, the Steering Committee, the indenture trustees and the trustee for the general unsecured creditors agreed that the eligibility documentation (the "Documents") would be distributed to prospective participants and would contain temporal forfeiture provisions.[9] Ultimately, the group determined that the required Documents had to be completed and submitted by December 31, 2016, after which date any outstanding rights to the Distribution were forfeited.[10] The Plaintiff did not submit the Documents timely and did not receive equity in the Distribution.[11]

The Plaintiff alleges that he was not provided notice with respect to the Documents, and that an unjust enrichment claim must lie against the Defendants, because they were enriched (and he was impoverished) when his claim to a Distribution of Warrior LLC equity was forfeited.[12] The Defendants seek dismissal

---

[7] *Id.*
[8] *Id.* at 2.
[9] *Id.*
[10] *Id.* at 8–9.
[11] *See id.* at 9, 22.
[12] *Id.*

of the unjust enrichment claim on the grounds that notice was provided to the Plaintiff.[13]

The Defendants allege a number of notices pertaining to the Distribution were directed to the Plaintiff, either by Warrior LLC's agent or by certain indenture trustees.[14] The Plaintiff responds that Warrior LLC's agent provided notices to inappropriate email addresses, and that notices from the indenture trustees attached to the Complaint were received "years later," outside the pertinent timeframe.[15]

To succeed upon a motion for summary judgment, the moving party must demonstrate that the record shows that there is no genuine issue of material fact, and that the moving party is therefore entitled to judgment as a matter of law.[16] Upon review of the record in connection with the Reconsideration Motion, certain factual questions remain. In order to evaluate the remaining equitable claim, I will need a sufficient record to determine, without purporting to be exhaustive: (i) whether actual notice of the equity offering was delivered to the Plaintiff, either by the agent employed by Warrior LLC to do so or by the applicable indenture trustees; (ii) if so, which notice was received; (iii) if so, when the notice was received; and (iv) if so, what actions the Plaintiff took or did not take, and why. The issue of notice with

---

[13] *See generally* Recons. Mot.
[14] *See* Tr. Oral Arg. Defs.' Mots. Dismiss Compl., Am. Compl., and for Partial Summ. J., 8–10 Dkt. No. 74.
[15] *Id.* at 32–34.
[16] *Paul v. Deloitte & Touche*, 974 A.2d 140, 145 (Del. 2009) (quoting *Berns v. Doan*, 961 A.2d 506, 510 (Del. 2008) (internal citation omitted)).

4

respect to the equity offering therefore cannot be determined in connection with the Defendants' Summary Judgment Motion.

The Summary Judgment Motion is DENIED. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III