Joseph **SCHWARTZMAN** and Leah
Schwartzman, Plaintiffs,

v.

**DELAWARE COACH COMPANY**, a corporation of the State of Delaware, Defendant.

Superior Court of Delaware,
New Castle.

March 16, 1970.

John M. Bader, Wilmington, for plaintiffs.

Stanley C. Lowicki, of O'Donnell, Hughes & Lowicki, Wilmington, for defendant.

OPINION

CHRISTIE, Judge.

Plaintiff Joseph Schwartzman has sued the defendant bus company on the theory that plaintiff was injured in the course of rescuing the bus driver from a perilous position.

Defendant has moved for summary judgment on the ground that the evidence in the record reveals no facts upon which the bus company could be found liable. I have reviewed the facts and I find no evidence which supports plaintiff's basic contention.

A statement of the essentially undisputed pertinent facts is as follows:

On January 13, 1965, Blanche M. Heal was the driver of defendant's bus. At the time she had been driving a bus or trolley for about twenty-three years. She had started working on the morning in question about 5:30 a. m. The weather was slippery and there was a frozen layer of glazed ice on parts of the street. There was also some patchy fog. While travelling on Van Buren Street at 30th Street she stopped her bus to pick up a passenger. The bus pulled in flush with the curb. As she was waiting for traffic to pass before pulling out from the curb she saw plaintiff Schwartzman's car approaching. It was not travelling fast. Plaintiff Schwartzman's car skidded and crashed into the bus. After hearing the noise and feeling the bus jar she put on the emergency brake and went out the right front door.

Schwartzman's car had bounced back from the bus leaving a narrow gap between the vehicles. No noticeable damage was done to the bus but the car was slightly damaged. Schwartzman stated that he had skidded and that it was his fault. He wanted to call the bus company rather

than give Mrs. Heal his name or address. At the time Schwartzman's car was sticking out about two feet beyond the side of the bus toward the center of the street. Plaintiff Schwartzman was concerned about the damage. They discussed the matter while standing between the bus and the car. He started to suggest that they should not stand there but she kept on writing and neither of them moved from between the vehicles.

They were standing there at no one's suggestion and no one's insistence. She was writing his name down and he was looking over his damage. Then he saw that another accident was about to take place and said in effect, "Good God, here is another car going to crash into my car".

Mrs. Heal looked up and saw another car coming. She said "Oh!" and started to get out. She scrambled to safety without injury. He, however, did not get all the way out and one of his legs was caught between the bus and his car when his car was struck by the other vehicle and driven into the bus. No one rendered any physical help to Mrs. Heal to get out of the way, but it was Schwartzman who saw the other car coming first and it is a reasonable inference that his oral warning was helpful to Mrs. Heal.

Plaintiffs claim against the bus company depends entirely upon the application of the "rescue doctrine".

■ Under this doctrine one who is injured in reasonably undertaking a necessary rescue, may recover from the person whose negligence created the situation. In a few cases recovery has been allowed from the person who has been rescued where the rescued person himself had been negligent. See cases collected in 4 A.L.R. 3d 558.

■ Under the facts in this case there can be no application of the rescue doctrine. Plaintiff gave only a verbal warning. This warning could have been given just as effectively as he fled to a safe place. He may have remained in a place of peril longer than was necessary but he did not carry out a rescue by so doing.

If plaintiff had rescued Mrs. Heal by remaining in a place of peril, the rescue doctrine might have been applicable against the operator of the third vehicle. If Mrs. Heal was negligent in any way by standing where she stood, such negligence was remote and in any event her negligence was matched by plaintiff's.

Plaintiff cannot recover from the bus company under these facts. Defendant's motion for summary judgment is granted.

It is so ordered.