Joseph J. SCHORAH, Jr., and Joseph J. Schorah, Sr., Individually and as guardian ad litem of Joseph J. Schorah, Jr., Plaintiffs Below, Appellants,

v.

Charles E. CAREY et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Argued Dec. 11, 1974.

Decided Jan. 3, 1975.

Morton Richard Kimmel and Paul H. Spiller, Kimmel, Spiller & Bradley, P.A., Wilmington, for plaintiffs below, appellants.

Joseph H. Flanzer, Flanzer & Isaacs, Wilmington, for Charles E. Carey and Sarah C. Carey, defendants below, appellees.

Dennis D. Ferri, Becker, Kipp & Ferri, Wilmington, for Albert Bendistis and Roberta Bendistis, defendants below, appellees.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Associate Justices.

DUFFY, Justice:

This appeal brings up for review an order of the Superior Court granting summary judgment to defendants in an action for personal injuries sustained by an eight-year-old child. The pertinent facts appear in the opinion of the Trial Court, Del. Super., 318 A.2d 610 (1974).

■ The Court tested plaintiffs' right to recovery against the provisions of the Restatement of Torts § 339 (2d ed.). We approve the rule of that section which is accepted by the great majority of American courts and which reads as follows:

"§ 339. Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

In its opinion the Superior Court concluded that plaintiffs had failed to bring the claim within paragraph (c), that is, they failed to show that the child did not realize the risk involved.*

■ Our analysis of the record persuades us that the record contains sufficient dispute of material fact on the discovery or realization of the risk issue to require submission of the case to a jury.

In the light most favorable to plaintiff, Wilson v. Tweed, Del.Supr., 209 A.2d 899 (1965); Jones v. Julian, Del.Supr., 195 A. 2d 388 (1963), the record shows that: While playing a game of tag with a friend, the eight-year-old boy climbed (for the first time) a fence on a third party's property and, as part of the game, stood atop the fence for a few moments. Below him on defendants' property was a rose bush in which was a partially concealed metal pole formerly used as a fence post (and, apparently, one of a line of such posts). The post was rusty with an arrow-shaped top. The boy noticed the pole but did not consider it a source of possible harm even if he fell. He did fall on the pole which was imbedded in his chest.

* We assume for purposes of this appeal that the minor plaintiff was a trespasser. We reach only the § 339(c) issue and do not decide if the other provisions of § 339 are satisfied.

The fact that the child discovered the pole is not, standing alone, sufficient to preclude liability under § 339. As Comment k states:

"The lack of experience and judgment normal to young children may prevent them from realizing that a condition observed by them is dangerous or, although they realize that it is dangerous, may prevent them from appreciating the full extent of the risk."

It must therefore appear, and in the context of summary judgment appear to a "reasonable certitude," Adams v. Kline, Del.Super., 239 A.2d 230 (1968), that there is no issue of fact as to whether the child appreciated the *"full* risk involved . . . ." (§ 339, Comment m.) (Emphasis supplied.)

Here the inference most favorable to plaintiffs is that the child thought that if he fell he would not be hurt because either he would not fall on the pole or, if he did, the consequences would be slight. It cannot be said as a matter of law that he appreciated the full risk of being impaled on a metal pole located as this one was close to a fence on which defendants knew children played.

The "height" cases relied upon by the Trial Court are distinguishable generally. See e. g., Schilz v. Walter Kassuba Inc., 27 Wis.2d 390, 134 N.W.2d 453 (Wis.1965). This is not a mere "force of gravity" case where a child's knowledge of Humpty Dumpty can be equated with appreciation of the risk. Rather, the danger was that if he fell the momentum of his body coming in contact with the rigid metal rod could cause it to pierce him like a lance.

In brief, it was this combination of height and pole which comprised the risk. Analytically the situation was somewhat analogous to that before the United States Court of Appeals for the Third Circuit in Novicki v. Blaw-Knox Company, 304 F.2d 931, 3 Cir. (1962). There the Court held that it was not enough for a child to realize the separate facets of risk involved in his conduct if he did not appreciate the risk created by the combination:

"He must also realize that there is a substantial likelihood that his conduct will bring these factors into combined and cooperating effect to his injury."

Whether the boy did or could be expected to realize the risk involved requires a weighing of several factors, including his age, § 339, Reporter's Note No. 1. It is for the jury to weigh those factors. Compare Moran v. Delaware Racing Association, Del.Super., 218 A.2d 452 (1966).

\* \* \* \* \* \*

Other issues argued have been considered but decisions thereon are not deemed necessary in this appeal.

The judgment of the Superior Court is reversed.