Michael P. ACTON and Eileen V. Acton, Individually and as next friend of Michael P. Acton, Plaintiffs, Appellants,

v.

The WILMINGTON AND NORTHERN RAILROAD COMPANY, a Pennsylvania Corporation; Reading Company, a Pennsylvania Corporation; Andrew L. Lewis, Jr., and Joseph L. Castle, Trustees for the Reading Company, Debtor, Defendants, Appellees.

Supreme Court of Delaware.

Submitted April 17, 1979.

Decided Sept. 17, 1979.

Robert K. Beste, Jr., of Biggs & Battaglia, Wilmington, for plaintiffs-appellants.

Richard R. Wier, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendants-appellees.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Michael P. Acton, age 11, fell while running on a railroad right-of-way beside a moving train. Tragically, his right leg was severed by one of the train wheels. Through his mother, Michael filed an action for the injury in the Superior Court against the operator of the train (and others) but that Court gave summary judgment to defendants. We must affirm.

Two questions are presented in Michael's appeal: First, is the railroad entitled to rely on the Delaware Premises Guest Statute?[1]

---

1. The statute, 25 *Del.C.* § 1501, provides as follows:

"No person who enters onto the premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others."

And, second, was Michael a guest without payment or a trespasser on the railroad property?

## I.

The accident occurred on tracks located along the south side of the Brandywine River near the Pennsylvania-Delaware border. One defendant, The Wilmington and Northern Railroad Company, had acquired a right-of-way over the property in question by a condemnation proceeding which was specifically authorized by statute. See 13 *Del.Laws*, Ch. 187; 13 *Del.Laws*, Ch. 42; 12 *Del.Laws*, Ch. 88. Another defendant, the Reading Company, operates trains over the right-of-way pursuant to a lease with the Wilmington and Northern; a Reading Company train was involved in the accident.

Stated narrowly, the first question is whether either defendant "owned or occupied" the premises in question for purposes of the Guest Statute.

■ Plaintiff mounts an argument, based on traditional real property law, to the effect that the right-of-way easement did not give either defendant an ownership interest in the premises. We think, however, that this argument is wide of the mark. Clearly, the easement gave the Reading Company a right to operate the train over the track in question. To that critical extent, it was an "occupier" of the premises within the meaning of the Statute. The case certainly calls for compassionate consideration of Michael's claim, but any other reading would distort the plain meaning of the law to achieve a specific result. And the Court cannot do that.

## II.

Having determined that the Reading Company was an occupier of the premises upon which the injury occurred, we now consider Michael's status on those premises. By the terms of the Premises Guest Statute, if he was a guest without payment or a trespasser, his suit for ordinary negligence is barred.

■ We need not consider at length, as the parties have done, whether there is a dispute in the evidence as to Michael's status as a trespasser. See *Restatement (Second) of Torts* § 329 (1965). It is clear that, if he was not a trespasser on the railroad easement at the time of the accident, he was a guest without payment within the terms of the Statute. Compare *Caine v. New Castle County*, Del.Supr., 379 A.2d 1112 (1977).

In *Caine*, we determined that there was a dispute in the evidence as to whether the decedent was or was not a trespasser. In that case, however, if the decedent was not a trespasser, he would have been considered a public invitee, and thus, not within the scope of the Statute. The public nature of the property in *Caine* distinguishes that case from the case at bar, in which the property is privately owned and occupied. In this case, even if Michael was not a trespasser, he was a guest without payment, within the meaning of 25 *Del.C.* § 1501.

Plaintiff relies on *Facciolo v. Facciolo Construction Co.*, Del.Supr., 317 A.2d 27 (1974), to exempt him from the terms of the Statute. In *Facciolo*, we affirmed a grant of summary judgment to the property owner on the basis of the predecessor to the current Statute, 25 *Del.C.* § 1421 (repealed 1973).[2]

In *Facciolo*, there is dicta discussing the meaning of "guest without payment" in terms of the traditional property law concepts of "licensee" and "social guest". It was said that, under § 1421, not every licen-

---

This Court has determined that the Statute is constitutional *Bailey v. Pennington*, Del.Supr., 406 A.2d 44 (1979).

**2.** 25 *Del.C.* § 1421 (repealed 1973) provided as follows:

"No person who comes onto premises occupied by another person as his guest with-

out payment shall have a cause of action for damages against the occupier of the premises unless such accident was intentional on the part of the occupier or was caused by his wilful or wanton disregard of the rights of others."

see was a guest without payment, rather, a guest without payment must have been invited, expressly or impliedly, onto the premises. Plaintiff contends that he was a mere licensee without invitation, and thus, not a guest without payment within the terms of 25 *Del.C.* § 1501.

■ Plaintiff reads *Facciolo* too broadly. The statute applicable in *Facciolo* was replaced by 59 *Del. Laws*, Ch. 171, now codified at 25 *Del.C.* § 1501. The current Statute, with the addition of the category of trespassers, more clearly reflects the Legislative intent to codify the common law. We think that the Statute, by imposing strict proof requirements on any plaintiff who enters the owner's premises "as a guest without payment or as a trespasser," is intended to include the category of "licensees" within the term "guest without payment". It would not make sense to read the statute as imposing strict proof requirements on trespassers and social guests, but leaving licensees in a statutory interstice. Therefore, we view the current Statute so as to make sense as a whole, by construing the term "guest without payment" to include all licensees.[3]

### III.

In summary, then, the Reading Company, by virtue of its lease of the railroad right-of-way, is an occupier of the premises on which Michael Acton was injured. There is no genuine issue of material fact as to Michael's status as "a guest without payment or as a trespasser" under the terms of the Premises Guest Statute. The Superior Court, therefore, properly granted summary judgment in favor of defendants.

Affirmed.

---

**3.** It should be noted that the proof requirements imposed upon licensee-plaintiffs by the current Statute is a Legislative reflection of the traditional statements of the common law duty owed by property owners to licensees. See *DiSabatino Brothers, Inc., v. Baio*, Del.Supr., 366 A.2d 508, 510 (1976); *Restatement (Second) of Torts* §§ 341, 341A, 342 (1965).