Virginia G. HOESCH, Administratrix of the Estate of William E. Hoesch, a Minor, Plaintiff Below, Appellant,

v.

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), Defendant Below, Appellee.

No. 13, 1996.

Supreme Court of Delaware.

Submitted: May 9, 1996.

Decided: May 28, 1996.

John M. Bader and Carol J. Evon, Tomar, Simonoff, Adourian, O'Brien, Kaplan, Jacoby & Graziano, Wilmington, and Lawrence A. Katz (argued), Coffey & Kaye, Bala Cynwyd, PA, for appellant.

Somers S. Price, Jr. (argued), Potter, Anderson & Corroon, Wilmington, William G. Ballaine, Landman, Corsi, Ballaine & Ford, P.C., New York City, and Paul F.X. Gallagher, Gallagher, Reilly and Lachat, P.C., Philadelphia, PA, for appellee.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice:

This matter is before the Court as the result of the certification of three questions of law pursuant to Article IV, Section 11(9) of the Delaware Constitution and Delaware Supreme Court Rule 41. The questions of law have been certified by the United States District Court for the Eastern District of Pennsylvania and were accepted by this Court by order dated January 16, 1996. The certified questions are the following:

(1) Does 25 *Del.C.* § 1501 define the duty of industrial and commercial owners and occupiers of land with respect to trespassers and guests without payment?

(2) To what extent, if any, does 25 *Del.C.* § 1501 alter or affect the general common law duties of railroads to trespassers or guests without payment present on its property or right-of-way?

(3) In light of the enactment of 25 *Del.C.* § 1501, is the duty owed trespassers or guests without payment—by a railroad occupying land for the purpose of running its rail lines—the duty to avoid wilful or wanton conduct or the duty to avoid conduct constituting ordinary negligence?

This Court will begin with a brief *seriatim* recitation of its conclusions. First, 25 *Del.C.* § 1501 does not define the duty owed by industrial or commercial owners and occupiers of land to trespassers and guests present on the property without payment. Second, the enactment and subsequent amendment of 25 *Del.C.* § 1501 did not alter or affect the general common law duty, under Delaware law, of a railroad to trespassers or guests present on its property without payment. Third, because of the inapplicability of 25 *Del.C.* § 1501, the duty owed by a railroad occupying land for the purpose of running its rail lines, to trespassers and guests present without payment, is the common law duty to avoid wilful or wanton conduct, unless the doctrine of attractive nuisance is applicable.

1. The undisputed facts were set forth in the Certificate of Questions of Law submitted by the

***Facts*** [1]

On October 7, 1990, William E. Hoesch ("Hoesch"), deceased son of appellant Virginia G. Hoesch, was fourteen years of age. On that same date, appellee National Railroad Passenger Corporation ("Amtrak") owned, possessed, maintained and controlled certain interstate railroad tracks, particularly those located near or on an overpass, at or near, Route 13 (Philadelphia Pike) and Naamans Road, Claymont, Delaware.

On October 7, 1990, at approximately 4:13 p.m., Hoesch was located on or near the tracks at approximately milepost 18.07, when he was struck by Amtrak train number 85, which was travelling southbound on track number 3. As a result of this impact, Hoesch sustained injuries causing his death. Hoesch's presence on the tracks was not for the purpose of seeking to be a paying passenger of the railroad. The section of the tracks at issue is not near a station or other terminal, but is near an access road leading from a highway to the tracks.

### *Section 1501 Not Applicable Industrial and Commercial Property*

■ The first question certified to this Court relates to whether the Delaware Guest Premises Statute, 25 *Del.C.* § 1501 ("Section 1501"), defines the duty owed by industrial and commercial owners and occupiers of land to trespassers and guests without payment. Section 1501 was enacted in 1973, and originally provided that:

No person who enters on to the premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the wilful or wanton disregard of the rights of others.

United States District Court for the Eastern District of Pennsylvania to this Court.

59 Del.Laws c. 171, § 1 (1973).[2]

In 1980, section 1501 was amended, and currently provides that:

No person who enters onto *private residential or farm* premises owned or occupied by another person, either as a guest without payment or a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by wilful or wanton disregard of the rights of others.

25 *Del.C.* § 1501 (as amended) (emphasis added). *See* 62 Del.Laws c. 322, § 1.

As originally enacted in 1973, Section 1501 made no distinction between types of property. However, the 1980 amendment limited the applicability of Section 1501 to "private residential or farm premises." [3] Accordingly, by its terms, the current version of Section 1501 is not applicable to industrial or commercial property.[4] *See Porter v. Delmarva Power & Light Co.*, Del.Supr., 547 A.2d 124, 126 (1988) ("The current version of the statute was amended with the obvious purpose of restricting its application to residential and farm premises, to the exclusion of commercial and industrial uses.").

Consequently, the answer to the first question certified to this Court is in the negative: Section 1501 does not define the duty of industrial and commercial owners and occupiers of land with respect to trespassers and guests without payment.

### *Section 1501*
### *No Abrogation of Common Law*

■ The second question certified to this Court concerns what effect the enactment and amendment of Section 1501 has had on the general common law duties of a railroad to trespassers or guests without payment present on its property or right-of-way.

This Court has noted that the 1973 version of Section 1501, which added the category of trespassers, "more clearly reflects the Legislative intent to codify the common law" with regard to the duty owed by landowners to trespassers and guests without payment. *Acton v. Wilmington and Northern Railroad Co.*, Del.Supr., 407 A.2d 204, 206 (1979). However, although apparently intended to be a codification of the common law, neither the enactment nor the 1980 amendment of Section 1501 had the effect of displacing existing common law principles. *See Porter v. Delmarva Power & Light Co.*, 547 A.2d at 127–29; *Bailey v. Pennington*, Del.Supr., 406 A.2d 44, 47–48 (1979).

As originally enacted in 1973, Section 1501 did not distinguish between types of property, and, therefore, was applicable to industrial and commercial property as well as residential and farm property. The 1973 version was intended to codify the duties owed by property owners to trespassers and guests without payment as such duties existed at common law. *See Acton v. Wilmington and Northern Railroad Co.*, 407 A.2d at 206. The 1980 amendment to Section 1501 merely limited the statute's applicability to private residential and farm premises.

The removal of industrial and commercial property from the purview of Section 1501 did nothing to alter or affect the common law duties owed by owners of such property to trespassers or guests without payment.

2. The 1973 version of the Delaware Guest Premises Statute replaced an earlier statutory provision relating to the liability of an occupier of land for injury to guests:

No person who comes onto premises occupied by another person as his guest without payment shall have a cause of action for damages against the occupier of the premises unless such accident was intentional on the part of the occupier or was caused by his wilful or wanton disregard of the rights of others.

25 *Del.C.* § 1421 (repealed 1973). *See Acton v. Wilmington and Northern Railroad Co.*, Del. Supr., 407 A.2d 204, 205 (1979).

3. The synopsis to the 1980 amendment notes that: "At present, owners of commercial swimming pools are protected from any liability to a child who wanders onto the premises and is killed or injured. It is the purpose of this Act to restrict such immunity only to private residential property, and farms."

4. The version of Section 1501 in effect on October 7, 1990 (the date of the accident) is the one which must be applied in this case. *See Pietuszka and Gallucio Builders, Inc. v. McTaggart*, Del. Supr., 333 A.2d 164, 165 n. 1 (1975).

Rather, following the 1980 amendment to Section 1501, the duties owed by industrial and commercial property owners to trespassers and guests without payment were the same as they had been at common law and under the 1973 version of the statute, which "codified" the common law. *See Porter v. Delmarva Power & Light Co.*, 547 A.2d at 128 ("In the absence of a specific statutory definition, a plaintiff faced with the bar of the premises guest statute is entitled to assert a status previously recognized by Delaware case law. . . ."). Thus, notwithstanding the enactment and amendment of Section 1501, the duties of a railroad to trespassers or guests without payment remained the same as those owed at common law.[5]

Accordingly, the answer to the second certified question is that the enactment and amendment of Section 1501 had no effect on the common law duties owed by a railroad to trespassers or guests without payment present on its property or right-of-way.

### *Common Law Duty*
### *Wilful or Wanton Standard*

■ We have determined that Section 1501, as amended in 1980, is not applicable to industrial and commercial property. We have further concluded that the enactment and amendment of Section 1501 did not dis-

place common law principles regarding the duties owed by commercial and industrial landowners to trespassers and guests without payment. Accordingly, we must look to the common law of Delaware to determine the answer to the third question certified to this Court: whether the duty owed to trespassers or guests without payment, by a railroad occupying land for the purpose of running its rail lines, is the duty to avoid wilful or wanton conduct, or the duty to avoid conduct constituting ordinary negligence.

■ In Delaware, under the common law, a landowner owes a trespasser or guest without payment only the duty to refrain from wilful or wanton conduct. *Villani v. Wilmington Housing Authority*, Del.Super., 106 A.2d 211, 213 (1954); *Schorah v. Carey*, Del.Super., 318 A.2d 610 (1974), *rev'd on other grounds*, Del.Supr., 331 A.2d 383 (1975).[6] With regard to child trespassers, however, the common law of Delaware also recognizes the doctrine of attractive nuisance. *See Porter v. Delmarva Power & Light Co.*, 547 A.2d at 127–29; *Coe v. Schneider*, Del.Supr., 424 A.2d 1, 1–2 (1980); *Schorah v. Carey*, Del.Supr., 331 A.2d 383, 384–85 (1975); RESTATEMENT (SECOND) OF TORTS § 339. Pursuant to the attractive nuisance doctrine, the common law duty owed to

---

**5.** Courts in Delaware have continued to apply common law principles to cases involving injured trespassers or guests without payment, finding that Section 1501 did not abrogate the common law in this area. *See Porter v. Delmarva Power & Light Co.*, Del.Supr., 547 A.2d 124, 127–29 (1988) (doctrine of attractive nuisance not abrogated by Section 1501); *Bailey v. Pennington*, Del.Supr., 406 A.2d 44, 47–48 (1979) (declining to abandon common law status and liability distinctions between invitees, licensees and trespassers); *Schwartzman v. Delaware Coach Co.*, Del.Super., 264 A.2d 519 (1970) (discussing Rescue Doctrine). *See also Space v. National Railroad Passenger Corp.*, 555 F.Supp. 163 (D.Del.1983). In *Space*, the federal district court in Delaware reviewed Delaware law in determining that the common law doctrine of attractive nuisance was not abrogated by the enactment of Section 1501. The court noted that Section 1501 was intended to be a codification of the common law, but did not abrogate common law principles:

Given this intent to codify the common law, the General Assembly in enacting [Section 1501] simply was restating a familiar proposi-

tion of common law that a landowner owes no duty to a trespasser except for the wilful or wanton infliction of injury. . . . It must also follow, however, that in codifying the common law, the legislature intended to preserve the common law exception for child trespassers set forth in RESTATEMENT § 339. . . . [I]f the General Assembly's purpose was to abolish the child trespasser exception, it could have done so in a much more direct fashion than by simply adding the generic term "trespasser" to the [1973] Guest Premises Statute. This Court cannot accept the defendant's contention that the General Assembly intended to abolish the widely accepted and longstanding doctrine of "attractive nuisance" in such a backhand fashion.

*Id.* at 167 (citations and footnotes omitted).

**6.** *See also* PROSSER AND KEETON ON TORTS § 58, at 397 (5th ed. 1984) ("Thus the rule which has come down, and which is stated often, whether the trespasser has been discovered or not, is that the landowner owes no duty to a trespasser except to refrain from injuring him by 'willful or wanton' conduct.").

a child trespasser differs from that owed to an adult trespasser. *See Porter v. Delmarva Power & Light Co.*, 547 A.2d at 129; *Villani v. Wilmington Housing Authority*, 106 A.2d at 213; RESTATEMENT (SECOND) OF TORTS § 339.[7]

■ Accordingly, the answer to the third certified question is that the duty owed to trespassers and guests without payment, by a railroad occupying property for the purpose of running its rail lines, is the common law duty to refrain from wilful and wanton conduct, unless the doctrine of attractive nuisance is applicable. The common law duty owed to a trespassing child is the duty to exercise reasonable care, *i.e.*, to avoid conduct constituting ordinary negligence.[8]

### *Conclusion*

The answer to the first certified question is in the negative. The answer to the second certified question is that 25 *Del.C.* § 1501 did not alter or affect the common law duty owed by an owner of commercial or industrial land to trespassers or guests without payment. The answer to the third certified question is that the duty owed by a railroad to trespassers or guests without payment is to refrain from wilful or wanton conduct, unless the doctrine of attractive nuisance applies.

---

7. Section 339 of the Restatement, which has been followed in Delaware, sets forth the doctrine of attractive nuisance:

**§ 339. Artificial Conditions Highly Dangerous to Trespassing Children**
A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
  (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
  (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
  (c) the children because of their youth do not discover the condition or realize the risk

involved in intermeddling with it or in coming within the area made dangerous by it, and
  (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
  (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.
*See also Schorah v. Carey*, Del.Supr., 331 A.2d 383, 384 (1975) (approving rule of § 339); *Porter v. Delmarva Power & Light Co.*, 547 A.2d at 129 (finding that Section 1501 does not bar recovery by a trespassing child whose claim is premised upon the provisions of § 339); PROSSER AND KEETON ON TORTS § 59 (5th ed. 1984) (Trespassing Children).

8. Whether the doctrine of attractive nuisance is applicable cannot be determined in this certification proceeding.