**Robert E. SIMPSON, Plaintiff Below, Appellant,**

v.

**COLONIAL PARKING, INC., Defendant Below, Appellee.**

No. 396, 2011.

Supreme Court of Delaware.

Submitted: Jan. 4, 2012.

Decided: Feb. 13, 2012.

---

Gary S. Nitsche, Esquire, of Weik, Nitsche & Dougherty, Wilmington, Delaware; for Appellant.

Elizabeth A. Saurman, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware; for Appellee.

Before STEELE, Chief Justice, BERGER, and JACOBS, Justices.

JACOBS, Justice:

Robert E. Simpson ("Simpson"), the plaintiff-below, appeals from the Superior Court's grant of summary judgment in a personal injury tort action in favor of the defendant-below, Colonial Parking ("Colonial"). Simpson claims that the Superior Court erred by holding that he was a trespasser, and not a licensee, when he used Colonial's parking lot as a short cut while riding his bicycle. Because commercial property owners/occupiers are held to the same common law standard whether or not the claimant is a licensee or a trespasser—namely, to refrain from willful and wanton conduct—we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2009, Simpson was riding his bicycle through Colonial's parking lot, located at Pennsylvania Avenue and Jefferson Street in Wilmington, Delaware. Simpson passed through an un-gated entrance to the lot on Pennsylvania Avenue. While Simpson was inside the parking lot, his bike struck a "large pothole," which was marked by a "traffic cone" that he observed only after the crash. On November 2, 2010, Simpson sued Colonial for personal injuries he sustained in the accident, claiming that Colonial had failed to maintain a safe premises, thereby breaching a duty Colonial owed to Simpson as a "licensee."

On July 15, 2011, following oral argument on cross-motions for summary judgment, the trial court determined that Simpson was a trespasser, not a licensee, because Simpson had failed to establish Colonial's implied consent (or any other privilege) that would entitle him to use the Colonial parking lot. The court held that there "is nothing in this case to establish the plaintiff had the privilege of entering.... This was a one-shot occasion where he rode his bike across this piece of land, the parking lot, merely for his own benefit." Therefore, the court held, Colonial's only duty was to refrain from "willful and wanton" conduct, which Simpson had neither alleged nor proved. But, if Simpson was a licensee, the Superior Court identified Section 342 of the Restatement (Second) of Torts as the applicable liability standard in its discussion of premises liability law.[1] Simpson appeals

---

1. Section 342 makes possessors of land liable to licensees if:
    (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect

that they will not discover or realize the danger; and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

from the court's adverse summary judgment ruling.

## ANALYSIS

■ We review a Superior Court grant of summary judgment *de novo*, to determine "whether the record shows that there is no genuine, material issue of fact and the moving party is entitled to judgment as a matter of law." [2] The issue presented here is whether the trial court applied the correct liability standard, which for licensees the trial court stated is that set forth in Section 342 of the Restatement (Second) of Torts.

The trial court analyzed the issue of whether Simpson was a licensee on the assumption that Delaware's common law premises liability standard depends on which status—that of licensee or trespasser—Simpson occupied. That assumption was incorrect, as it is contrary to the law most recently pronounced by this Court in *Hoesch v. Nat'l R.R. Passenger Corp.*[3]

There, we expressly adopted the "willful and wanton" common law premises liability standard for both trespassers *and* licensees.

■ In *Hoesch*, we held that in "Delaware, under common law, a landowner owes a trespasser or guest without payment only the duty to refrain from willful or wanton conduct." [4] The term "guest without payment" is synonymous with "licensee" status both under Delaware's Guest Premises Statute [5] and under the common law as described in *Hoesch*.[6] The *Hoesch* decision clarified that the common law—not Delaware's Guest Premises Statute [7]—"defines the duty owed by industrial and *commercial* owners and occupiers of land to trespassers and guests without payment." [8] Because at issue here is the premises liability of a commercial owner/occupier, the common law standard applies.

■ The Superior Court properly applied the "wilful and wanton" liability stan-

---

(c) the licensees do not know or have reason to know of the condition and the risk involved.
Restatement (Second) of Torts § 342.

**2.** *Berns v. Doan*, 961 A.2d 502, 504, *adhered to on rearg.*, 961 A.2d 506 (Del.2008) (quoting *Williams v. Geier*, 671 A.2d 1368, 1375 (Del. 1996)).

**3.** 677 A.2d 29 (Del.1996).

**4.** *Id.* at 32.

**5.** *See, e.g., Berns v. Doan*, 961 A.2d at 511 (stating that licensees are "considered 'guests without payment'"); *Malin v. Consol. Rail. Corp.*, 438 A.2d 1221, 1223 (Del.1981) (referring to "licensee" and "guest without payment" as synonyms); *Acton v. Wilmington and Northern R. Co.*, 407 A.2d 204, 206 (Del. 1979) ("Therefore, we view the [Guest Premises] Statute so as to make sense as a whole, by construing the term 'guest without payment' to include all licensees.").

**6.** *Hoesch*'s use of the phrase "guest without payment" could only be read as a reference to the meaning assigned it by the Guest Premises Statute, because *Hoesch*'s holding determined what common law liability rule filled the void left by that statute in commercial premises liability. In any event, any distinction between licensees (generally) and guests without payment (specifically) was made only to consider the latter a subset of the former, not to subject them to differing common law premises liability rules. *See Facciolo v. Facciolo Const. Co.*, 317 A.2d 27, 28 (Del.1974) (describing guest without payment as "obviously akin to the 'social guest' recognized at common law" and "classified as [a] licensee[ ]").

**7.** 25 *Del. C.* § 1501.

**8.** 677 A.2d at 30–32 (emphasis added).

dard after it determined Simpson's status as a trespasser. Therefore, that court reached the correct result. Even so, the Superior Court's decision in this case is not the only post-*Hoesch* trial court decision suggesting that the Restatement's licensee liability rule is the common law of Delaware.[9] To clarify the correct rule to be applied in future cases, we re-affirm that the Restatement rule is not Delaware's common law premises liability rule for trespassers and licensees. Rather, the Delaware common law rule is that property owners/possessors must refrain from willful and wanton conduct toward trespassers and licensees alike.

### CONCLUSION

The judgment of the Superior Court is affirmed.

---

9. In *Kovach v. Brandywine Innkeepers Ltd.*, for example, the Superior Court cited both to the Restatement licensee liability rule and pre-*Hoesch* Supreme Court case law for the liability standard. 2000 WL 703343 at *3 (Del.Super. April 20, 2000) (citing *DiSabatino Bros. Inc. v. Baio*, 366 A.2d 508, 510 (Del.1976); *Maher v. Voss*, 98 A.2d 499, 504 (Del.1953)); *see also*, *Griffiths v. Delmarva Aircraft, Inc.*, 1997 WL 819111 at *3 (Del.Super. Dec. 31, 1997) (applying Restatement liability standard for licensees). *But see, Ritchie v. Schilling*, 1999 WL 1611378 at *2 (Del.Super. March 16, 1999) ("In Delaware, under the common law, a landowner owes a trespass or guest without payment the duty to refrain from willful and wanton conduct."); *Dittman v. Williams*, 1998 WL 960753 at *2 (Del.Super. Nov. 24, 1998) ("[C]ategorizing [plaintiff] as either a licensee or a trespasser is immaterial here because the standard of care for [defendant] with regard to either is to refrain from wanton or willful conduct").