# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| HENRY R. DAVENPORT and LUCINDA DAVENPORT, | : | C.A. No: K14C-04-025 RBY |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| D&L CONSTRUCTION, LLC, DAVID MILLER and JOSEPH MILLER, | : |  |
|  | : |  |
| Defendants. | : |  |

*Submitted: June 17, 2015*
*Decided: August 14, 2015*

***Upon Consideration of Defendants'***
***Motion for Summary Judgment***
***DENIED***

## ORDER

Benjamin A. Schwartz, Esquire, Schwartz & Schwartz, Dover, Delaware for Plaintiffs.

Stephen A. Hampton, Esquire, Grady & Hampton, P.A., Dover, Delaware for Defendants.

Young, J.

## SUMMARY

Henry R. Davenport ("Davenport," and together with Lucinda Davenport, "Plaintiffs") was enlisted by D&L Construction, LLC ("Defendant D&L") together with David Miller ("Defendant David Miller") and Joseph Miller ("Defendants") to drive its employees to and from construction job sites. Davenport was allegedly injured while present at one of the job sites, having fallen through a hole in the floor of a building being constructed by Defendants.

Following this incident, Davenport filed a worker's compensation claim with the Industrial Accident Board ("IAB"). The IAB denied Davenport's claim, finding that he was not an employee of Defendants. Around the same time, Plaintiffs filed the current negligence action against Defendants with this Court. Defendants move for summary adjudication of the claims currently before this Court.

The premise of Defendants' motion is that Plaintiffs cannot prove, based upon the factual record, that Defendants acted intentionally, wantonly, or willfully in causing Davenport's fall. Defendants argue that this is the negligence standard necessary to succeed on Plaintiffs' claim. This is based on the assertion that Davenport was not a business invitee at the time of his accident. That determination is not fully resolved. Indeed, Plaintiffs' primary response to Defendants' motion is that Davenport was, in fact, a business invitee, and thus the ordinary common law negligence standard governs. Finding that Davenport's status at the construction site is a material fact in dispute, the Court **DENIES** Defendants' motion.

## FACTS AND PROCEDURES

Davenport was hired by Defendant D&L to drive its employees[1] to and from various job sites, since, for religious reasons, these employees could not operate motor vehicles. Defendant D&L is in the construction business. Although there is some dispute among the parties as to the extent of any peripheral duties Davenport may have had, there is some evidence, that on occasion, Davenport aided in construction work. There is also evidence, however, that Davenport was specifically instructed not to engage in said work. In addition, the parties disagree as to whether Davenport was permitted to leave the job site between driving duties, or whether he was instructed to remain until Defendant D&L's employees had finished working for the day.

On May 10, 2012, during one of these construction projects, Davenport remained at the job site while Defendant D&L's employees worked. It came to pass that one of the employees needed assistance moving a piece of framed wall into place, and Davenport attempted to help. On that same day, one of the other employees had cut a hole in the floor, but had not yet removed the wood. While attempting to aid the employee with the framed wall, Davenport fell through the cut-out hole, allegedly sustaining injuries.

Following the accident, Davenport filed a petition for worker's compensation insurance with IAB. IAB denied Davenport's petition on February 24, 2014, finding that Davenport was an independent contractor and, thus, not eligible for worker's

---

[1] Including Defendants David Miller and Joseph Miller.

compensation insurance. On April 23, 2014, Plaintiff filed this present action sounding in negligence against Defendants. Subsequently, Davenport appealed the IAB's ruling to the Superior Court in Sussex County. On July 8, 2014, this Court stayed resolution of this suit, pending the Sussex Court's decision. On October 27, 2014, the Superior Court for Sussex County affirmed the IAB's findings. Defendants now move for summary judgment.

## STANDARD OF REVIEW

Summary judgment is granted upon showing that there is no genuine issue of material fact, where the moving party is entitled to judgment as a matter of law.[2] The Court views the evidence in the light most favorable to the non-moving party.[3] The moving party bears the burden of showing that no material issues of fact are present, though once a motion is supported by such a showing, the burden shifts to the non-moving party to demonstrate that there is a genuine dispute as to material issues of fact.[4]

## DISCUSSION

Before embarking upon the merits of Defendants' motion for summary judgment, the Court notes its communication with the parties, concerning the framework within which to view Plaintiffs' claim. By letter dated June 23, 2015, this Court questioned the parties as to why they viewed their relationship as governed by

---

[2] Super. Ct. Civ.R. 56(c).

[3] *Windom v. Ungerer*, 903 A.2d 276, 280 (Del. 2006).

[4] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

the law concerning entry on to land. That is, the respective negligence standards advocated by each party were tied directly to Davenport's status on the land where he was allegedly hurt. The Court suggested that the ordinary negligence standard of anyone performing work on a job site, as it would have existed before the invention of worker's compensation, might be the more appropriate framework for Plaintiffs' claim.

In response to the Court's inquiry, the parties argued that pre-worker's compensation law has been abrogated by Delaware statute, and further, that the Restatement (Second) of Torts, contemplates the relationship between the parties as presented in Plaintiffs' claims. Specifically, Section 384 states:

> One who on behalf of the possessor of land erects a structure or creates a condition on the land, is subject to the same liability...as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.[5]

Defendants, who were employed by the possessor of the land to build a structure, are, thus, said to be covered by Section 384. Hence, the parties' relationship to one another, at the time of the incident at issue, is subject to this entry onto land framework.

Defendants' motion for summary judgment assumes that the applicable negligence standard requires Plaintiffs to plead a case for intentional, wanton, or willful action on the part of Defendants, leading to Plaintiffs' alleged injuries. This

---

[5] *Restatement (Second) of Torts*, § 384 (1965).

is because Defendants' argument assumes that Davenport was a licensee, guest without payment, or a trespasser. However, as Plaintiffs' response to Defendants' motion evidences, Davenport's status on the property in question is far from settled. This issue must first be resolved, whether through discovery, or by *in limine* hearing, or at trial. It is at least partially a factual matter, thus making Defendants' request for summary adjudication premature.

The key factual controversy surrounds Davenport's relationship to Defendants on the day in question. As an initial matter, both parties agree that Davenport was retained by Defendants to drive the employees to and from various construction job sites.[6] There is not, however, agreement concerning Davenport's additional duties. Plaintiffs contend that Davenport was not permitted to leave certain construction sites, including the property in question, until the employees he was hired to transport had finished their daily tasks. Defendants, meanwhile, assert that Davenport was free to leave at any time, having only to return at the end of the workday to pick up the employees. In addition, the parties disagree on whether Davenport, during the times he did remain on the job site, was instructed to aid the employees in their construction work. Plaintiffs allege that Davenport was, at certain times, asked to help, though Plaintiffs seem to acknowledge that Defendant David Miller had admonished Davenport "not to interfere."

---

[6] This is reinforced by the factual findings in the related decision *Davenport v. D&L Construction & Solid Walls, LLC*, 2014 WL 5649756 (Del. Super. Ct. Oct. 27, 2014) in which the Superior Court upheld the ruling of the IAB, finding that Davenport was not due worker's compensation insurance as he was not an employee. The Court notes that, although arising from identical factual circumstances as the case at bar, the *Davenport* decision does not appear to preclude any potential findings in the present litigation, and neither party so alleges.

From the present record, it appears that Davenport's role with Defendants was in flux, or at least, ill-defined. Significant to this case is what Davenport was hired to do for *that* particular construction site, on *that* particular day on which he was allegedly injured. The resolution of these questions may establish Davenport's status on the property in question at the time of his purported accident, and could determine the resulting requisite negligence standard.

Defendants argue that Davenport was a licensee (i.e.: "guest without payment") or a trespasser, as the established agreement with Davenport was limited to the transportation of employees to and from construction sites. Therefore, according to Defendants, Davenport's presence at the construction site was not commissioned by Defendants. Plaintiffs, on the other hand, insist that, although Davenport was primarily enlisted as a driver, he was asked to, and did assist with construction work. Seeing the latter duties as beneficial to Defendants, Plaintiffs argue Davenport was a business invitee. As opposed to licensees or trespassers, business invitees are provided higher protections while on property, and only ordinary negligence must be pled, as opposed to intentional, willful, or wanton conduct.[7]

The Restatement (Second) of Torts § 332 (1965)[8] defines a business invitee in relevant part as: "[a] person who is invited to remain on land for a purpose directly

---

[7] *See e.g.*, *Rennick v. Glasgow Realty, Inc.*, 510 F.Supp. 638, 642 (D. Del. 1981); *Hoesch v. Nat'l R.R. Passenger Corp.*, 677 A.2d 29, 32 (Del. 1996).

[8] "In determining status of occupiers of land in the context of tort claims [the Delaware Supreme] Court has traditionally adhered to common law as crystallized in the Restatement (Second) of Torts." *DiOssi v. Maroney*, 548 A.2d 1361, 1365-1366 (Del. 1988).

or indirectly connected with the business dealings with the possessor of the land."[9] In addition, Plaintiffs cite Comment e of § 332 in support of their position that Davenport was an invitee:

> The second class includes those who come upon land not open to public, for a purpose connected with business which the possessor conducts upon the land, or for a purpose connected with their own business which is connected with any purpose, business or otherwise, for which the possessor uses the land. Thus a truck driver from a provision store who enters to deliver goods to a private residence is a business visitor; and so is a workman who comes to make alterations or repairs on land used for residence purposes.[10]

From this authority, in order for Davenport to have been a business invitee at the time of his injury, his presence at the construction site needed to be related to Defendants' business on that site. In view of the facts, the business on the property in question was the construction of a building. Therefore, as per § 332, Davenport's being on the land had to be upon *invitation,* and was required "directly" or "indirectly" to serve some purpose relating to the construction.[11] Comment e's illustration of a truck driver delivering provisions is similar to our circumstance, except that Davenport was not injured upon depositing the employees from his vehicle. Davenport was alleged to have been hurt while attempting to assist in the construction work – presumably, after his driving tasks were completed.

As such, two factual issues concerning this chain of events are in dispute. The

---

[9] *Restatement (Second) of Torts,* § 332 (1965).

[10] *Id.,* comment e.

[11] *Restatement (Second) of Torts,* § 332 (1965).

first relates to whether Davenport was invited by Defendants' to remain on the site. Plaintiffs argue Davenport was not permitted to leave, while Defendants' aver Davenport was free to go. Moreover, Defendants argue that Davenport was specifically told not to intervene, indicating he was, on the contrary, unwelcome. The second, related issue is, if invited to stay, the extent of Davenport's role. Was he solely a driver, or was he also expected to assist with construction? Moreover, if only the former, is that sufficiently related to Defendants' business at the construction site, such that Davenport's presence was beneficial? These factual questions, on which the parties disagree, must first be resolved before the situation may be stated, as a matter of law. Where there is a dispute as to such material issues of fact, summary judgment must be denied.[12]

The parties are in further discord concerning the applicability of 25 *Del. C.* § 1501, also known as the "Guest Statute," which states in relevant part:

> No person who enters onto private residential or farm premises owned or occupied by another person, either as a guest without payment or as a trespasser, shall have a cause of action against the owner or occupier of such premises for any injuries or damages sustained by such person while on the premises unless such accident was intentional on the part of the owner or occupier or was caused by the willful or wanton disregard of the rights of others.[13]

The significance of whether this statute applies to the current factual circumstances is, again, related to the negligence standard Plaintiffs must plead. This determination

---

[12] Super. Ct. Civ. R. 56(c).

[13] 25 *Del. C.* § 1501.

is, similarly, governed by Davenport's status. As the Guest Statute reads, its applicability is limited to "guest[s] without payment or...trespasser[s]." Indeed, at the point the individual coming on to the property "confers a benefit on the occupier" the Guest Statute no longer applies.[14] The negligence standard, then, becomes that of common law ordinary negligence.[15] Whether the Guest Statute applies is, like the proper negligence standard, undeterminable until the threshold status issue is ascertained.

As there remain factual disputes regarding Davenport's status at the construction site on the day of his accident, this Court cannot, as a matter of law, hold that Plaintiffs have failed to plead their negligence case sufficiently. Based upon the record at hand, no one, definitive conclusion must be reached by a reasonable trier of fact as to whether Davenport was a business invitee, licensee or trespasser.[16] Therefore, the Court **DENIES** Defendants' motion for summary judgment at this time. _____

## **CONCLUSION**

The evidence extant demonstrates the existence of a genuine factual dispute which is not suitable for resolution by summary judgment. Defendants' motion is **DENIED.**

---

[14] *Hoksch*, 283 A.2d at 688.

[15] *Hoesch,* 677 A.2d 29.

[16] *Upshur v. Bodie's Dairy Market*, 2003 WL 21999598, at *3 (Del. Super. Ct. Jan. 22, 2003).

**IT IS SO ORDERED**.

                    /s/ Robert B. Young
                              J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
        Opinion Distribution