# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRANDILYN BIGGS, an individual, )
    Plaintiff, )
                       )
    v. )
                       )
ROBERTA C. HALL, an individual, )
AB MERION II 1303 )
WILMINGTON, LLC, a domestic )
limited liability company, ACE )      C.A. No. N17C-10-149 ALR
AMERICAN INSURANCE )
COMPANY, a foreign corporation, )
and GEICO ADVANTAGE )
INSURANCE COMPANY, a foreign )
corporation, )
    Defendants, )
                       )
and )
                       )
ROBERTA C. HALL, )
    Defendant/Third-Party Plaintiff,)
                       )
    v. )
                       )
GABRIEL JAMES HUFFORD, )
    Third-Party Defendant. )

Submitted: December 18, 2020
Decided: February 3, 2021

***Upon Defendant AB Merion II 1303 Wilmington, LLC's***
***Motion for Summary Judgment***
**DENIED**

Arthur M. Krawitz, Esquire, Jessica Lewis Welch, Esquire, Doroshow, Pasquale Krawitz & Bhaya, Wilmington, Delaware. Attorneys for Brandilyn Biggs.

Roger P. Downes, Esquire, Joseph Brenner, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C. Attorneys for Defendant AB Merion II, 1303 Wilmington, LLC.

**Rocanelli, J.**

Plaintiff Brandilyn Biggs ("Biggs") is an emergency medical technician ("EMT") for St. Francis Hospital in Wilmington, Delaware. This lawsuit involves two separate incidents: a motor vehicle accident on October 15, 2015 and a slip and fall on February 6, 2016. This decision addresses only the February 6, 2016 incident involving real property owned, managed and/or maintained by Defendant AB Merion II 1303 Wilmington, LLC ("AB Merion").

Biggs contends that she was injured in the parking lot of AB Merion's Delaware Avenue apartment building ("Parking Lot") when Biggs was dispatched to render medical assistance to a person in the vicinity of the Parking Lot. According to Biggs, she slipped and fell on ice while searching the Parking Lot for the individual who needed medical attention. Biggs contends that AB Merion was negligent by failing to maintain the Parking Lot in a safe condition for pedestrians.

AB Merion requests that this Court enter judgment in its favor as a matter of law on the grounds that AB Merion's duty to Biggs as an EMT was merely to refrain from willful or wanton conduct rather than to satisfy the ordinary duty of reasonable care. According to AB Merion, Delaware's "Firefighter's Rule"[1] is applicable to an EMT such as Biggs. AB Merion contends that there are no genuine issues of material fact in dispute. Biggs opposes extension of the Firefighter's Rule to an

---

[1] The rule was known as the "Fireman's Rule" but the Court will use the gender neutral term "firefighter" throughout.

1

EMT under these circumstances and also opposes summary judgment on the grounds that there are genuine issues of material fact in dispute.

## STANDARD OF REVIEW

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[3] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[4] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[5] Summary judgment is only appropriate if Biggs's claims against AB Merion lack evidentiary support such that no reasonable jury could find in her favor.[6]

---

[2] Super. Ct. Civ. R. 56(c).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).
[5] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[6] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012) (TABLE).

# THE FIREFIGHTER'S RULE

The Firefighter's Rule "bars firefighters from recovering from private parties for injuries sustained in the course of carrying out their professional duties."[7] The Firefighter's Rule was adopted in Delaware by the Superior Court in 1988.[8] *Carpenter v. O'Day* involved a firefighter who was injured at the scene of a fire.[9] Consistent with standard procedures, Carpenter was ripping down interior walls of a burning building to prevent the fire from spreading. [10] While pushing and pulling at plywood to tear down walls, Carpenter injured her back. The Delaware Superior Court held that the landowner was not responsible for Carpenter's injuries. Rather, recovery for the injured firefighter was limited to worker's compensation benefits.

The Court held that the duty owed to firefighters responding to an emergency is to refrain from injuring the firefighter intentionally or by willful and wanton misconduct and to provide notice of hidden dangers of which the landowner is aware.[11] The *Carpenter* Court emphasized that "a *fire[fighter]* may not recover when he [or she] is injured from the very risk, created by the defendant's act of negligence, that required his [or her] professional assistance and presence at the

---

[7] *Carpenter v. O'Day*, 562 A.2d 595, 595 (Del. Super.), *aff'd*, 533 A.2d 638 (Del. 1988).
[8] *See id.*
[9] *Id.*
[10] *Id.* at 596.
[11] *Id.* at 597, 601–02.

scene."[12]  The Court explained that adoption of the Firefighter's Rule was supported

by (i) common law land-entrant classification of a firefighter;[13] (ii) assumption of

the risk by the firefighter; and (iii) public policy concerns.[14]  First, firefighters enter

the property during an emergency and the property owner cannot make the property

reasonably safe for the firefighters under the emergency situation.[15]  Second, a

firefighter assumes the risks inherent in firefighting.[16]  Third, public policy precludes

recovery for the very risk that required the firefighter to be present at the property.[17]

The Firefighter's Rule is not a general rule that applies to all first responders.

For example, in *Bradley v. Powell*,[18] a police officer was injured at a bar when the

officer was dispatched to investigate the report of a stolen wallet.  When the officer

arrived, the patron who reported his wallet stolen was intoxicated and agitated.[19]

The police officer instructed the complaining patron to wait outside.  The patron

disregarded this instruction and tried to re-enter the bar.[20]  When the police officer

---

[12] *Id.* at 601 (emphasis added).

[13] The Superior Court declined to classify firefighters as either licensees or business invitees.  *Id.* at 598 ("I am therefore not persuaded to manipulate and strain these classifications in order to accommodate firefighters.  It is from the rejection of this land entrant classification scheme that other courts have adopted the Firemen's Rule based on an assumption of risk and/or public policy rationale." (footnote omitted)).

[14] *Id.* at 596.

[15] *Id.* at 597.

[16] *Id.* at 598–600.

[17] *Id.* at 600–01.

[18] *Bradley v. Powell*, 2018 WL 2357526 (Del. Super. May 23, 2018).

[19] *Id.* at *1.

[20] *Id.*

grabbed the patron to prevent him from re-entering the bar, the patron fought back which caused the police officer to lose his footing and fall.[21] The police officer injured his knee and missed eight weeks of work after surgery.[22] When the police officer filed a lawsuit against the patron, the Superior Court declined to extend the Firefighter's Rule to police officers under these circumstances.[23]

The *Bradley* Court explained that the Firefighter's Rule "is meant only to cover negligent acts of misconduct stemming from the reason for which the police officer was called to the scene that could have been reasonably anticipated by the officer."[24] The *Bradley* Court expressly distinguished the facts before it with a hypothetical situation where the police officer was injured after being summoned by a bar owner because a patron was intoxicated and agitated.[25] Under those circumstances, the *Bradley* Court reasoned that the Firefighter's Rule might apply because the intoxicated and agitated person was the very harm which the officer was called to address.[26] The Court distinguished the injury which occurred when investigating the report of a stolen wallet because that investigation does not necessarily include the harm of being attacked by an intoxicated and agitated

---

[21] *Id.*
[22] *Id.*
[23] *Id.* at *3.
[24] *Id.*
[25] *Id.* at *2.
[26] *Id.*

person.[27]  The Court explained that the attack by the intoxicated and agitated patron was an independent act separate and distinct from the stolen wallet.[28]  Therefore, the Court opted not to extend the Firefighter's Rule to police officers under these circumstances.[29]

## **DISCUSSION**

AB Merion asserts that it is entitled to summary judgment because Biggs was a first responder who was injured when she was engaged in efforts to render medical assistance.  As such, according to AB Merion, Biggs was only owed a duty by AB Merion to refrain from willful and wanton misconduct.  AB Merion further argues that judgment as a matter of law is appropriate because there is no evidence to support a finding that AB Merion engaged in willful or wanton conduct.  Adopting AB Merion's argument would require this Court to extend the Firefighter's Rule.

Biggs opposes summary judgment.  According to Biggs, she was owed a general duty of reasonable care and not merely a duty to refrain from willful and wanton misconduct.  Biggs argues that slipping and falling in the Parking Lot was not a risk she assumed as an EMT responding to a call for medical attention.  Biggs also contends there are genuine issues of material fact in dispute which preclude summary judgment.

---

[27] *Id.* at *3.
[28] *Id.*
[29] *See id.*

6

This Court declines to extend the Firefighter's Rule to EMTs under the circumstances of this case. Biggs, an EMT, was dispatched to the area of the Parking Lot to render medical assistance. Biggs was not injured by the person she was summoned to help; rather, Biggs was injured while searching the Parking Lot for the injured person. Accordingly, Biggs was not injured by the very harm she was dispatched to address. Biggs alleges that she sustained her injuries when she slipped and fell in the Parking Lot.

The principles supporting the Firefighter's Rule are not applicable here. First, when Biggs entered the Parking Lot she was not a trespasser[30] and she was not a guest.[31] Second, Biggs did not assume the risk of slipping and falling in the Parking Lot by responding as an EMT to a call for medical assistance. Third, any public policy concerns militate in favor of requiring that parking lots be properly maintained so that persons who are authorized to use those parking lots will not be injured.

---

[30] *See Simpson v. Colonial Parking, Inc.*, 36 A.3d 333 (Del. 2012) (affirming the Superior Court's determination that plaintiff, who rode his bike across a parking lot merely for his own benefit, was a trespasser).

[31] *See Bailey v. Pennington*, 406 A.2d 44 (Del. 1979) (finding individuals invited to attend a corn roast at defendant's home, without payment, were considered "guests" under Delaware's Premises Guest Statute); *see also Manniso v. Taylor*, 2020 WL 3259484 (Del. Super. June 16, 2020) ("Delaware courts have found a 'guest without payment' to be akin to a 'social guest,' or a person 'who is present by invitation, express or implied, without economic or business benefit to the host.'"), *aff'd*, 2021 WL 83771 (Del. Jan. 11, 2021).

Accordingly, Biggs was owed the duty of reasonable care. This is the common law standard.[32] "The standard of care required of all defendants in tort actions is that of a reasonably prudent [person].[33] There are no exceptions which apply that change the standard of care applicable here.

## CONCLUSION

The Firefighter's Rule shall not be extended to EMTs under the circumstances of this case. Biggs was owed the duty of reasonable care. Viewing the facts in the light most favorable to Biggs, there is a genuine issue of material fact regarding whether AB Merion was negligent in its duty to maintain the Parking Lot. Therefore, AB Merion is not entitled to summary judgment.

**NOW, THEREFORE, this 3rd day of February 2021, Defendant AB Merion II 1303 Wilmington, LLC's Motion for Summary Judgment is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[32] *But see* 25 *Del. C.* § 1501 (modifying the liability of owners or occupiers of land for injuries sustained by guests without payment or trespassers under Delaware's Premises Guest Statute).

[33] *Robelen Piano Co. v. Di Fonzo*, 169 A.2d 240, 244 (Del. 1961). *See Delmarva Power & Light Co. v. Burrows*, 453 A.2d 716 (Del. 1981) ("Delaware law measures duties owed in terms of reasonableness. One's duty is to act reasonably, as a reasonably prudent [person] (or entity) would.").

8